CASE 96—ACTION ON A PROMISSORY NOTE—MAY 9.

# Tompkins v. Triplett and Wife.

APPEAL FROM DAVIESS CIRCUIT COURT.

.JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS.    REVERSED.

.HUSBAND AND WIFE—DELIVERY OF NOTE BY HUSBAND AS WIFE'S AGENT —WIFE BOUND BY HUSBAND'S REPRESENTATIONS THAT SHE WAS PRINCIPAL.

.Held:    Where the wife made the husband her agent to deliver a note signed by her and the husband, her name appearing first, she is bound by the husband's representation to the payee that she was the principal in the note, and can not, therefore, escape liability by showing that she was surety merely.

;SWEENEY, ELLIS & SWEENEY, FOR APPELLANT.

This is a suit on a note for $250, executed by Nannie B. Trip-lett and George V. Triplett, her husband, to A. C. Tompkins.

There was no defense by the husband, but the wife, now ap-pellee, seeks to escape liability by the plea that she was a married woman, and only the surety of her husband, and that she did not contract as principal.

The language of the note is: "We promise to pay," and the wife's name is signed first:

The court will have no difficulty in finding from the evidence that George V. Triplett approached appellant for a loan, that he refused to make the loan to him, but told him he would loan the money to his wife. She says she knew it was for money borrowed from Mr. Tompkins—that she signed it and gave it to her husband.

In doing so we insist that she constituted her husband her agent, and she is bound by all the statements made by him to appellant.

A married woman, under the old law, had the authority to have her husband act as her agent. Dunn v. Shears, 14 Bush, 574; Commonwealth v. Hawkins, 83 Ky., 246; Alexander v. Bonton, &c., Supreme Court of California, Pac. Coast Law Journal, p. 400; Ky. Stats., sec. 2128.

GEO. V. TRIPLETT, ATTORNEY FOR APPELLEES.

For defense, the appellee, Nannie B. Triplett, relies on section 2127, Kentucky Statutes.

In the lower court, only the appellant, Tompkins, and the appellee, Mrs. Triplett, testified. Mrs. Triplett fully substantiated the averments of her answer, that she was only surety on the note, and the Circuit Court so decided.

Travers v. Wood, 20 Ky. Law Rep., 1819; Brown v. Dalton, 20 Ky. Law Rep., 1484; Russell & Co. v. Rice, 19 Ky. Law Rep., 1613; Skinner v. Lynn, 21 Ky., 185; Crumbaugh v. Postell, 20 Ky. Law Rep., 1367.

OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER—REVERSING.

This action is based upon a writing and figures and words as follows: "$250.00. Owensboro, Ky., March 22d, 1895. For value received, six months after date we promise to pay to the order of A. C. Tompkins two hundred and fifty dollars, with interest at the rate of six (6) per cent. per annum until paid. Nannie B. Triplett. Geo. V. Triplett." Nannie B. Triplett is the wife of her co-obligor, George V. Triplett, and was at the time the note was executed. Her defense to the action is that she was a married woman at the time it was executed;

that she was only surety on the note, and therefore it is
not enforceable against her. The appellant replied that
she was the principal in the note, and that the money
was loaned on the faith that she was the principal. The
facts are: George V. Triplett applied to the appellant
for the loan of $250. He refused to loan it to him, but
told him that he would loan it to his wife. Thereupon
Triplett procured his wife's signature to the note, and
delivered it to appellant. Under our statute, a wife's es-
tate can not be subjected to the payment of a liability
upon a contract, after marriage, to answer for the debt,
default, or misdoing of another, including her husband,
unless such estate shall have been set apart for that pur-
pose by deed of mortgage or other conveyance. Section
2127, Kentucky Statutes. This court, in Lewis v. Harbin,
5 B. Mon., 564; Emmons v. Overton, 18 B. Mon., 648; Bank
v. Gaines, 87 Ky., 601, (9 S. W., 396); Skinner v. Lynn, 21
Ky. L. R., 185, 51 S. W., (167),—hold that, on a writing
which is a joint and several obligation, an obligor may in-
troduce parol testimony to show he is only surety; the
reason therefor being that such testimony does not have
the effect of contradicting it. This rule applies to actions
by obligees against obligors. In Crumbaugh v. Postell
20 Ky. L. R. 1366, ( 49 S. W., 334,) it ap-
peared that the husband, Crumbaugh, was indebt-
ed to Postell, evidenced by certain notes. Renewal
notes were executed, signed by Mrs. Crumbaugh, as prin-
cipal, and her husband, as surety. The obligee knew that
it was the debt of the husband. In speaking of the trans-
action, the court said: "But this could not have deceived
Postell. He knew this was not in fact a true state
of case." The court held that she was only surety, and
no recovery could be had against her. In this case Tomp-
kins refused to loan the husband the money, because he

was insolvent; but was willing to loan it to his wife, which he did. After Tompkins refused to loan the money to him, he brought the note to him, purporting to have been first signed by the wife, and then by himself. The note imported that the wife was the principal, and Tompkins believed that she was, and loaned his money upon the faith that she was the principal in the note. It was said in Bank v. Gaines that "it is safe to say that, in a large majority of cases, promissory notes, on which are principals and sureties, are drawn up, 'We, or either of us, promise to pay'" etc. This observation was made to show that the obligee should not have been misled by the language employed in the note. In the Crumbaugh-Postell case, the court made the case turn upon the fact that Postell knew the character of the obligation which the wife signed, it being for the debt of the husband. The court knows, and Tompkins presumably knew, that the usual way of signing obligations by principal and surety is for the principal to sign his name first on the note. To present a note as signed in this case to any one, he would at once conclude that the person whose name appeared to have been first signed to it was principal. Mrs. Triplett made her husband her agent to deliver the note to Tompkins and received the money. She was bound by the representations which he made as her agent. The testimony of Tompkins is uncontradicted that he gave the credit to the wife, and the note was delivered to him with the representation that she was the principal in the note. A married woman empowered to contract as a *feme sole* was authorized to employ her husband as her agent. Dunn's Ex'rs v. Shearer, 14 Bush., 574. A married woman is authorized under the present law to contract as a *feme sole* in the matter of borrowing money, and her husband can

act as her agent in doing so. When the wife delivered the husband the note, she made him her agent to deliver it and receive the money on it. When the husband represented that she was the principal on the note, he was acting within the apparent scope of his authority, and she is bound by what he said and did. Com. v. Hawkins, 83 Ky., 246. The judgment is reversed for proceedings consistent with this opinion.

CASE 97—ACTION FOR A NEW TRIAL—MAY 10.