### Hannen v. Peoples State Bank.

(Decided May 5, 1922.)

## Appeal from Franklin Circuit Court.

1. Bills and Notes—Authority to Fill in Amount—Signatures to Blank Notes.—The signature to a blank note made in order that the paper may be converted into a negotiable instrument operates as prima facie authority to fill it in for any amount, but, when the completed note is sought to be enforced by one who became a party to it prior to its completion, it may be shown in defense that it was not filled out strictly in accordance with the authority given.

2. Bills and Notes—Signature to Blank Note.—A note signed in blank payable to a bank and thereafter filled in by an officer of the bank and discounted by the bank and the proceeds applied to indebtedness due the bank, when sought to be collected by the bank, is subject to the defense that it was not filled in strictly in accordance with the authority given.

3. Husband and Wife—Wife Constituting Husband Agent to Sign Note.—A wife may constitute her husband an agent by signing a note and delivering it to him, or may constitute him a general agent by her course of conduct in so treating him, with included authority to fill in a note for any amount and discount it as well as apply the proceeds. But the evidence in this case is examined and held not to show that the husband was a general agent for the wife with sufficient authority to direct the application of the proceeds of a note signed by her.

4. Husband and Wife—Blank Note Signed by Wife Discounted by Bank.—To the extent that the proceeds of a blank note signed by the wife, filled in by a bank official and discounted by the bank, were applied to the payment of other notes held by the bank against the wife the transaction is valid, but to the extent that the proceeds from the new note were applied to an overdraft of the husband in the bank, the transaction is invalid.

5. Husband and Wife—Wife's Liability for Debts of Husband.—A wife cannot be made liable for the debt of her husband except in the manner provided by section 2127, Kentucky Statutes, and the attempt to make her liable by having her execute a note in satisfaction of an overdraft of her husband is an attempt to make her surety in violation of the statute.

B. G. WILLIAMS for appellant.

JAMES H. POLSGROVE. HAZELRIGG & HAZELRIGG, THOMAS B. McGREGOR and ELI H. BROWN for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

This action was instituted in the Franklin circuit court to recover a judgment against appellant, Emma C. Hannen, on a note of $8,325.00, executed and delivered to the appellee, Peoples State Bank, of Frankfort, Kentucky, with interest on the principal amount from October 15, 1912, at the rate of 6% per annum.

The action was transferred to the equity side of the docket and on the final submission of the case judgment was rendered against appellant for the face value of the note with interest as claimed. From that judgment she appeals. The note was signed in blank by Emma C. Hannen and delivered to her husband, Geo. L. Hannen, who caused it to be filled in for $8,325.00, to be dated October 15, 1912, and made payable on demand at the Peoples State Bank. After it was fully written, but without the consent or knowledge of appellant, Hannen procured the signature of B. Stone to it as surety. The blanks in the note were filled in by an officer of the bank and the note was discounted at the bank and the proceeds applied to the taking up of other notes held by the bank, which Emma C. Hannen had signed, and to the payment of an overdraft of Geo. L. Hannen to the amount of $3,129.35, leaving a balance of $41.50 which was credited to the account of Geo. L. Hannen.

Appellant defended the suit on the following grounds: (1) That she did not sign, execute or deliver the note; (2) there was no consideration for its execution; (3) that if the court should conclude that she did sign the note in blank and deliver it to Geo. L. Hannen she did not give him authority to fill it in for $8,325.00 or any other sum; and (4) that appellee did not accept the note in due course or in good faith or for value.

It is contended for appellee that the delivery of the note in blank conferred authority upon Geo. L. Hannen to fill it in for any amount, and, consequently, appellant is liable for the face value regardless of the authority actually given. This would be true if appellee were a holder in due course but the rule does not apply to one who becomes a party to the transaction prior to its completion. In that case the authority is merely *prima facie* and there is available to the signer the defense that the note was not made out strictly in accordance with the authority given. (Section 3720-b-14, Kentucky Statutes; Herman's Exor. v. Gregory, 131 Ky. 819.)

It is also insisted for appellee that Geo. L. Hannen was the general agent of appellant, as evidenced by his management of her affairs over a course of years, and that as her agent he was authorized and empowered to fill in the note for any amount and to have the proceeds applied to his overdrawn account or in any way that he might desire. This suggestion is based on evidence showing that for a number of years he had actively participated in the management of her farm, had paid some of the taxes on her property, had contracted for the construction of a house and lot that she owned, and had so conducted her business as to constitute himself an agent for the purpose of directing the application of the proceeds of the note.

The facts with reference to Geo. L. Hannen's association with the business affairs of appellant are made to appear in detail in the evidence. Shortly after their marriage appellant's father purchased a farm near Frankfort, known in the record as the Con Harper farm, and conveyed the same to appellant with the remainder interest to her children. Geo. L. Hannen largely managed the farm. Later he purchased a farm and conducted a considerable business in operating it and in handling stock. In operating appellant's farm he had accounts with the State National Bank and perhaps other banks, carrying them in his own name as manager or agent. He had previously failed in business and there remained unpaid debts against him. After his first failure he was never solvent and that fact was known to appellee and its officers, though, as stated, he did acquire a farm and carry on a general business in connection with it. In 1910 he was elected a director of the newly organized appellee bank. At that time there were uncollectable debts against him but he opened an account with appellee in his own

name. Doubtless he deposited some of the proceeds from the sale of products from appellant's farm to his account in the appellee bank, and he also paid from that account taxes on the property of appellant, the wages of employees on appellant's farm and part of the cost of building appellant's house in Frankfort. But it is admitted by the officers of appellee that they knew he was insolvent during the entire time—even while he was a director and officer of their bank—and the evidence shows that his account was generally overdrawn in the bank. While he had carried accounts in other banks in his own name and as manager and agent, in the appellee bank he only carried an account in his own name. When the note in question was executed and delivered, appellant had on deposit in the appellee bank a considerable sum of money. She withdrew her balance on October 17, 1912, which amounted to $1,000.00, and thereafter never had an account with the appellee. Geo. L. Hannen was then a member of the finance committee, and when the note of $8,325.00 was executed it was his duty with others to pass on the desirability of making the loan. He was actively interested in the affairs of the bank and at that time directed the application of $3,129.35 of the proceeds of the note to the discharge of his overdraft which had existed in varying sizes for many months. The balance of $41.50, after the payment of the notes held by the bank against appellant and himself, he directed to be credited to his individual account.

The note in controversy was payable on demand, but it does not appear that any demand for payment was ever made on appellant until December 10, 1914, and it should be noted here that in the following October, Geo. L. Hannen again failed, assigning his property for the benefit of his creditors, in which several thousand dollars' worth of assets were disposed of. For more than two years the note had been overdue, though the interest had been paid periodically, when on December 10, 1914, appellant received the first notice of the amount of the note and that it was held by appellee, as well as the first demand for its payment. In that notice she was reminded "that banks are subject to severe criticism by the state bank examiner for carrying past due paper," and she was requested to call and pay or renew the note. It is remarkable that the first demand on appellant for the payment of the note was made more than two years after it was due and that she should then be reminded of the fact that the bank was

subject "to severe criticism by the state bank examiner for carrying past due paper." These circumstances are significant as are likewise the facts that appellant had never made more than one deposit in the bank, and while there was a balance there in her favor Geo. L. Hannen's account was overdrawn but no attempt was made at that time to treat the deposit in her name as a part of the account carried in his name, which appellee now claims was in fact her account. It is our opinion that Geo. L. Hannen was not the agent of appellant or acting for her in conducting the account in his name in the appellee bank, nor was he such a general agent as authorized him to borrow $8,325.00 and apply the money so borrowed as he desired; and, accordingly, her liability, if any there is, arises by reason of the authority conferred upon him on account of the signing and delivery of the note. Since the note was completed by an official of appellee and is not held in due course it is subject to any defense as to the authority conferred upon Geo. L. Hannen that would be available were it in his hands. Hence it is avoidable to the extent that it was not filled in strictly in accordance with the authority given.

Appellant testified that she gave Geo. L. Hannen no authority whatever to fill in the note for $8,325.00 or any other sum. For appellant Hannen testified on the subject as follows:

"25. Mr. Hannen, of what amounts of money or what items are the $8,325.00 note made up? Ans. Well, I could not tell without figuring on that. They included an overdraft and two or three notes, $2,500.00, $1,400.00 and a note for $650.00.

"26. An overdraft that existed here in what account? Ans. In my account.

"27. Now what authority did you have from Mrs. Hannen to include in this $8,325.00 note, the notes mentioned and the overdraft? Relate the circumstances under which this $8,000 note was executed? Ans. Well, I had a few little notes at the Farmers Bank and I told them just to put it in one note—so many little notes, and that is why I came to make it.

"28. Did she consent? Ans. Yes, sir.

"29. That the total of these past due notes should be included in the $8,325.00 note?

"30. Did she know from you that you were going to include those in the $8,325.00 note and deliver it to the Peoples Bank? Ans. She may not have known just ex-

actly, but she knew they were all going in it whatever they were."

No other evidence was introduced by appellee in amplification of Hannen's authority with regard to this note. His testimony, as we view it, is not strong enough to override the positive testimony of appellant that he did not have authority to fill in the note for $8,325.00 or any amount. His statement relates only to the notes then existing and does not evidence authority to include in the new note the additional $3,170.00. It is our opinion, therefore, that appellant is not liable for $3,170.00 of the amount included in the face of the note. But to the extent that the note includes the old notes of appellant held by appellee, the judgment is correct as there is evidence of authority to include them in the new note. Besides the record discloses nothing to indicate that the old notes were not duly executed by appellant as principal and the proceeds applied to her benefit. In the absence of evidence to that effect it will be presumed that they were valid obligations against her.

Tompkins v. Triplett, 110 Ky. 824, does not in our opinion conflict with the views just stated. There Mrs. Triplett made her husband the agent to deliver the note to Tompkins and to receive the money. The money was borrowed from Tompkins and paid to Triplett, the agent who had been refused a loan in his own name, and the note when presented to Tompkins was complete with the wife's signature first on the note. Nor do the principles stated in Deering & Co. v. Veal, 25 Ky. Law Rep. 1809, and in 13 R. C. L. 1170, militate against the conclusion we have reached, for undoubtedly the wife may constitute her husband an agent by signing a note and delivering it to him, or may constitute him an agent by allowing him to act with reference to her property so as to induce the belief that he is acting for her, and thus become estopped to deny his authority as agent. These principles are inapplicable here since the presentation of the note to the appellee signed in blank was notice to the bank that Geo. L. Hannen was acting under some authority, the extent of which as exhibited in the face of the note was subject to rebuttal. If there were no evidence in the record tending to show that he exceeded his authority we would feel obliged to hold that appellant is liable for the face value of the note, but her evidence shows that she did not authorize him to include the overdraft in it and his testimony cannot be construed as showing authority to include

anything in it other than the old notes. Furthermore, her relations and dealings with appellee did not justify the inference of a general authority including such a transaction in its scope. Accordingly, it must be held that to the extent the proceeds were applied to the overdraft the note is invalid.

Another sufficient reason to deny a recovery to this extent is that the record fails to show that the sums making up the overdraft were used for appellant's benefit, or that Geo. L. Hannen's account was in fact the account of appellant. In that state of the record the overdraft must be regarded as his debt. A wife cannot be made liable for the debt of her husband—with her consent much less without it—except in the manner provided by section 2127, Kentucky Statutes. The officers of appellee knew that appellant was the wife of Geo. L. Hannen and that he was insolvent. They had permitted him to carry an account with an overdraft for many months. The purpose of including the overdraft in the new note was to secure appellee in the payment of a debt due from Geo. L. Hannen. It was a plain attempt on the part of appellee to make appellant the surety for an indebtedness that was practically worthless. This she could not voluntarily do except in the manner provided by the statute. Certainly appellee could not do it without her consent or knowledge. It is no answer to say that she had knowledge through Geo. L. Hannen, for there is nothing to show that she ever told any officer of the bank that he was her agent or ever authorized the bank to deal with him as such. Neither were her relations with appellee such as to warrant the inference. The doctrine announced in Third National Bank v. Tierney, 128 Ky. 836, is applicable here. It furnishes ample reason for disallowing so much of the claim as includes the overdraft.

Wherefore, the judgment is reversed for proceedings not inconsistent with this opinion. ·