## Smith v. First National Bank of Pikeville.

(Decided May 6, 1932.)

ANDREW E. AUXIER for appellant.

O. T. HINTON for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming.

The First National Bank of Pikeville brought this action against Mrs. Kate E. Smith to recover on two notes signed by her; one for $1,250, dated August 1, 1920, the other for $2,000, dated December 2, 1920. She pleaded her coverture in bar of a recovery on the notes, alleging that she was only the surety of her husband therein. Voluminous proof was taken, and on final hearing of the case the circuit court gave judgment against her on the first note, and gave judgment in her favor on the second note. From this judgment she appeals, and the bank prosecutes a cross-appeal.

Mrs. Smith is a daughter of Judge J. M. York, and had real estate of the value of about $20,000. Her husband, L. C. Smith, was a building contractor in Pikeville and had little visible property. They each ran an account with the Pikeville National Bank. Her account was a small one on which she drew small checks from time to time. Her husband had a number of building contracts, and kept a separate account with the bank. The facts as to the two notes will be stated separately.

1. As to the first note: On August 7, 1919, her husband, L. C. Smith, came to the bank with a note for $1,250, signed by his wife, and dated August 5, 1919. The bank discounted the note, and placed the proceeds to her credit. The interest on the note was $25.26, and she was credited with the balance $1,224.74. He produced a check to him for $1,200 signed by her, which was on that day credited to his account and charged to her. She had drawn out of the bank all of the money she had in bank before this, but, as shown by the account, she afterwards checked out from time to time in small amounts the $24.75. The $1,250 note was renewed on December 5, 1919, she signing first and her husband second. It was again renewed in August, 1920, and signed in the same way.

It is earnestly insisted for her that the form of the transaction was a mere subterfuge to cover the borrowing of the money by her husband. But the husband at that time owed the bank nothing. He had a small balance in the bank to his credit. She had a right to borrow money and lend it to her husband, if she wished to do so. She signed the papers at home, and her husband brought them to the bank and there is nothing in the proof war-

ranting the conclusion that it was anything more on her part than a lending of $1,200 to her husband, for the balance of the proceeds of the note was checked out by her. The statute (Ky. Stats., sec. 2127) must not be construed to prevent a wife from lending her husband money in this way if she wishes to do so, and, there being nothing in the proof to show that this was not the real transaction, the judgment of the circuit court cannot be disturbed. See Tompkins v. Triplett, 110 Ky. 824, 62 S. W. 1021, 23 Ky. Law Rep. 305, 96 Am. St. Rep. 672; Swearingen v. Tyler, 132 Ky. 458, 116 S. W. 331; Thomas v. Boston Banking Co., 157 Ky. 473, 163 S. W. 480; Scott v. First National Bank, 221 Ky. 297, 298 S. W. 949; Simmerman v. National Deposit Bank, 232 Ky. 844, 24 S. W. (2d) 912.

2. The facts as to the second note are these: On June 9, 1920, the husband executed his note to the bank for $400. On June 12, 1920, she and her husband executed a note to the bank for $1,600, she signing first. The proceeds of both these notes were placed to the husband's credit. These notes were renewed on September 12, 1920, one note for $2,000 being executed, she signing first and her husband second. This note was renewed on December 2, 1920, signed by her and her husband in the same way. She got none of the proceeds of these notes. The proceeds were placed to the credit of her husband, and the placing of her name first was a mere disguise to conceal the real transaction; for the bank understood that the husband was borrowing the money and placed the proceeds to his credit. The court therefore properly refused to hold her liable on the second note. The statute (Ky. Stats., sec. 2127) exempting the wife from liability as surety cannot be defeated by the mere form of the transaction. Hart v. Bank of Russellville, 127 Ky. 425, 105 S. W. 934, 32 Ky. Law Rep. 338; Third National Bank v. Tierney, 128 Ky. 836, 110 S. W. 293, 33 Ky. Law Rep. 418, 18 L. R. A. (N. S.) 81; Hannen v. People's State Bank, 195 Ky. 58, 241 S. W. 355; Simmons v. Maxey, 242 Ky. 728, 47 S. W. (2d) 530; Allen v. Wireman, 243 Ky. 156, 47 S. W. (2d) 928, and cases cited.

It is earnestly insisted that the first note cannot be distinguished from the last for the reason that before the first note was given the wife had signed other notes for the husband, the proceeds of which were placed to his credit, and afterwards signed the second note. But

the fact that these were independent transactions must be borne in mind. So far as appears, the one had no connection with the other, and some force must be given to the fact that the parties adopted no subterfuge in the in the other transaction. If they had been intentionally putting the transactions in another form to evade the statute, it would seem reasonable that they would have done this in the other cases referred to no less than in the case of the first note.

Appellant also relies on the fact that later these notes were charged to profit and loss by the bank; but it shows that this was done to keep it straight with the bank examiner; that she had then conveyed all her property to her father, Judge York, and he assured the bank the notes would later be paid, but afterwards reconveyed the property to her; and this suit followed.

Judgment affirmed on the original and on the cross-appeal.

The whole court sitting.