## Moore *v.* Vaughn *et al.*

(Division A. Oct. 23, 1933. Suggestion of Error Overruled Nov. 20, 1933.)

[150 So. 372. No. 30746.]

**F. D. Hewitt**, of McComb, for appellant.

J. N. Ogden, of Magnolia, for appellees.

Argued orally by **F. D. Hewitt**, for appellant, and by **J. N. Ogden**, for appellees.

**McGowen, J.**, delivered the opinion of the court.

An action at law was brought in the county court of Pike county by the appellant, Moore, against D. F. Vaughn et al., appellees, based upon three notes, a copy of which, except as to due date, is set forth at length:

"$50.00                                    Sept. 16th, 1931.

"February 1st, 1932, after date ——— promise to pay to the order of ——— Fifty ——— Dollars. For value received with interest at the rate of ——— per cent per annum from ——— and if the interest be not paid annually, to become as principal, and bear the same rate of interest. This note is negotiable and payable without defalcation or discount and without any relief or benefit whatever from stay, valuation, appraisement or homestead exemption laws.

"D. F. VAUGHN.

"No. 4. Due ———."

Indorsed on back: "W. F. Cullinane, Katherine C. Hansen."

The defendants appeared; filed a plea of general issue, and also a special plea, in which they set up that the notes sued on are payable to order, and no payee is designated therein, and that the payee could not be ascertained from the terms of said notes; and further that the notes sued on represented monthly payments for certain property rented by the defendants, and that the stipulations of the rental agreement under which the notes were signed were never fulfilled by the party to whom these notes were given, and therefore there was a total failure of consideration of the notes.

The case was heard before the judge of the county court without the intervention of a jury; and, on the trial there-

of, over the objection of the appellant, Moore, the appellees were allowed to show facts which the court determined to be sufficient to constitute a total failure of consideration.

It further appeared that Anderson was the owner of a filling station and leased it to Vaughn, appellee, with the agreement to repair same; that the appellee, Vaughn, went into possession, and Anderson failed to comply with the agreement, and in a few weeks, Vaughn, appellee, surrendered possession of the leased premises.

The record is silent as to any direction on the part of the maker of the notes as to the filling in of the blanks thereon.

The appellant, Moore, bought the notes from Anderson paying full value therefor.

It is to be noted that there are four blanks in these notes, the first being that they do not say whether "I" or "we" are the promisors. They are blank as to the payee, as to when the interest begins, and as to the rate of interest.

The appellant, Moore, contends that he is the holder, for value, in due course, of said notes, that the notes with the blanks therein were delivered to Anderson with implied authority to fill in the blanks, and that the words "This note is negotiable" render the notes bearer notes and negotiable instruments; and that therefore any evidence offered as a defense on behalf of the maker of the notes is incompetent.

Before discussing the question thus sharply presented as to whether or not these instruments were negotiable under the Negotiable Instruments Law (chapter 51, Code of 1930 [section 2657 et seq.]), let it be noted that no effort to fill in the blanks by any holder, or the payee, appears therein. It appears that suit is brought and recovery sought on the face of the notes without amendment, alteration, or without any proof as to how the blanks should be filled in.

By section 2657, Code 1930, notes must be payable to order or bearer, and it is not subject to dispute that, when

a note is payable to order, the payee must be named. See, also, section 2664, Code 1930.

By section 2708, Code 1930, a holder in due course is a holder who has taken the instrument upon the condition that it is complete and regular upon its face.

The defense of failure of consideration is not available where the instrument is in the hands of a holder in due course. Of course, however, if a person seeking a recovery is not a holder in due course, the instrument is subject to the same defenses as if it were a nonnegotiable instrument. See section 2712, Code 1930.

By section 2714, Code 1930, the maker admits the existence of the payee.

By section 2715, Code 1930, knowledge of defects i- paper amounts to bad faith in the purchaser if he did not make inquiry thereof.

By section 2666, Code 1930, it is provided that any terms are sufficient which clearly indicate an intention to conform to the requirements thereof.

The appellant, J. H. Moore, seeks to avoid the effect of failure to fill in the blanks in the instruments here being considered by putting his reliance upon section 2670, Code 1930, which permits a person in possession of an instrument wanting in any material particular to fill in the blanks therein. It provides, however, that they be filled in accordance with the authority given and within a reasonable time, and, if the party in possession is to be the holder thereof, in due course.

In the case at bar, the notes are payable to the order of ———— and interest is to begin on ————.

In disposing of the contention that the recital in the instruments, ''This note is negotiable,'' cures the defects, we will say that such recital does not render the notes negotiable, and that the words ''pay to the order of'' must be construed to require a named, specific person as payee. For illustration, if A undertakes to sell B a horse, and puts a label on a cow reading, ''This is a horse,'' such label does not change the character, or name, of the animal. These words alone would not be sufficient to

make an order note a bearer note. The contracts here to the effect that the notes were negotiable did not supply the requirements mandatorily fixed by the statute, and do not avail to render them complete and regular on their face, so that Moore can now be declared to be a holder in due course.

We are therefore clearly of the opinion that Moore, the appellant here, took the notes with the infirmity thereon, and was put upon inquiry of Anderson, who sold them to him. If Anderson, to whom the notes were delivered by the maker, had filled in the blanks, and Moore had paid value therefor, without notice, the defense here probably could not have been interposed.

This is clear, construing section 2670, Code 1930, in conjunction with the definition of a holder in due course. See Brannan's Negotiable Instruments, page 116, where it is said that: "The purchaser of a negotiable instrument with an unfilled blank is put upon inquiry as to the authority of the person intrusted with the incomplete instrument." See Guerrant v. Guerrant, 7 Va. Law Reg. 639 (payee); Boston Steel & Iron Co. v. Steuer, 183 Mass. 140, 66 N. E. 646, 97 Am. St. Rep. 426 (amount); Hartington Nat. Bk. v. Breslin, 88 Neb. 47, 128 N. W. 659, 31 L. R. A. (N. S.) 130, Ann. Cas. 1912B, 1008 (payee); Tower v. Stanley, 220 Mass. 429, 107 N. E. 1010 (payee); Munroe v. Stanley, 220 Mass. 438, 107 N. E. 1012; Stone v. Sargent, 220 Mass. 445, 107 N. E. 1014 (payee); Union Trust Co. v. McCrum, 145 App. Div. 409, 129 N. Y. S. 1078, affirmed without opinion, 207 N. Y. 721, 101 N. E. 1124; Hannen v. People's State Bank, 195 Ky. 58, 241 S. W. 355; Cache Valley Commission Co. v. Genter Sales Co., 63 Utah, 574, 228 Pac. 203; 3 R. C. L. 877, 1076, secs 62 and 281, respectively.

This rule is criticized in the case of Grand Lodge, K. of P., v. State Bank, 79 Fla. 471, 84 So. 528; but its strength is weakened by the fact that the completion of the instrument was ratified by the maker.

We are not unmindful of the great value to the commercial world of removing obstacles in order to facilitate

the transfer of negotiable instruments. Ninety per cent of the great volume of the business of this country is conducted by the medium of negotiable instruments. Negotiable instruments, of one kind or another, are absolutely essential, in this day, to business of all kinds; but, where a person buys paper with patent defects thereon, with unfilled blanks, and his transferor does not fill same, nor does he do so himself, he stands charged with knowledge of such defects and irregularities apparent on the face of the paper, and he is not a holder in due course. He is put upon inquiry to ascertain the facts. The notes, in the case at bar, by their form, -were nonnegotiable, and have remained so, and it now appears that the defense of failure of consideration was available.

We have carefully read the cases of Dinsmore v. Duncan, 57 N. Y. 573, 15 Am. Rep. 534, and Manhattan Sav. Inst. v. N. Y. Nat. Exc. Bank, 170 N. Y. 58, 62 N. E. 1079, 88 Am. St. Rep. 640, and can only say that the instruments involved in the first cited case were issued by the United States government, and were payable to the order of blank, and in the second case the instruments were bonds in substantially the same language, and in both the payee was left blank. These instruments were certificates of indebtedness, or bonds issued by governmental authority, intended to be subject to unrestricted sale in the market, not promissory notes intended to be payable to the order of a specific person. So that we do not think the decisions, holding the instruments there involved to be negotiable and payable to bearer, are controlling here.

Affirmed.