### Zimlich v. Gettler's Ex'rs.
(Decided Nov. 16, 1937.)

C. MAXWELL BROWN for appellant.

SAMUEL S. BLITZ and ALFRED C. KRIEGER for appellees.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

Hannah M. Zimlich appeals from a judgment of the Jefferson circuit court, dismissing her petition for the cancellation or holding for naught a note .dated March 22, 1933, payable to Henry Gettler, deceased, for $2,120. Hannah M. Zimlich was a daughter of Henry Gettler, deceased, and the widow of Leo J. Zimlich, deceased. This note was a renewal of one executed in March, 1930, for $2,000.

The issue is, Was the original note for $2,000 executed by her together with her husband, Leo J. Zimlich, for her use and benefit; whether she loaned the money received from her father to her husband; whether the money was loaned to Leo J. Zimlich, her husband, by her father; or whether or not the note of $2,120 sought to be canceled by her was a renewal of the original note, which she signed only as surety to her husband, thereby rendering the note as to her void?

The evidence on that question is quite conflicting. However, from the whole record, we have concluded that the judgment of the court appealed from was correct.

We find in the record a carefully prepared opinion of the trial court, which we think discusses and presents the facts, issues, and questions involved in a splendid way, so we have adopted that opinion, in part at least, as the opinion of this court:

"This action is one brought by the plaintiff seeking a judgment of this court canceling or holding for naught a note of date March 22, 1933, payable to Henry Gettler for the sum of $2,120.

"It appears from the record that the foregoing note was a renewal of a note which was originally executed and delivered to Henry Gettler for the sum of $2,000. The renewal note contained an item of $120 accrued interest.

"It is urged by plaintiff that at the time of the execution of the original note in March, 1930, she was not a party to nor did she sign that original note: that her husband, Leo Zimlich, alone, signed the original note; and that the credit evidenced by the note was extended solely to her husband, Leo Zimlich.

"It is the further contention of the plaintiff in this action that the proceeds of the original note were received by Leo Zimlich and by him used and expended in connection with his personal business and that this plaintiff received no benefit whatsoever from the original loan and that the original money advanced at the time of the original loan was advanced solely on the credit of her husband, Leo Zimlich.

"It is further insisted on behalf of the plain-

tiff that at the demand or insistence of the payee of the note, Henry Gettler, who was the father of the plaintiff, she signed the renewal note, but owing to the fact that she was, at the time she did so sign this renewal note, a married woman, that the note is void as to her, because she was merely a surety for her husband.

"On behalf of the executors of the estate of Henry Gettler, it is asserted and claimed that Mrs. Hannah Zimlich executed the original note of date March 22, 1930; that the loan represented by this note was made by Henry Gettler at the special instance and request of his daughter, Hannah, and upon her credit; that Hannah Gettler was in truth and in fact the principal in the original transaction, and her husband, Leo Zimlich, executed the note merely as surety for his wife.

"The evidence on the issues made under the pleading is, in the present record, somewhat unsatisfactory and confusing. It is, however, fairly well established from the testimony of the witnesses and the exhibits filed in the case that the money realized from the original note came into the hands of Leo Zimlich and was by him expended. The record fails to show that Mrs. Hannah Zimlich actually received any material part of the money that was secured from Henry Gettler, in consideration of the execution and delivery of the original note dated March 22, 1930.

"This evidence directed to the disposition of the proceeds derived from the execution of the original note, however, does not finally or satisfactorily dispose of the question whether the loan as originally made by Henry Gettler was one in which Hannah Zimlich was a principal or whether she was merely a surety for her husband in the transaction, and the further question as to whether credit in the original transaction was extended by Henry Gettler to his daughter, as the principal obligor or to his son-in-law, Leo Zimlich.

"It is urged upon the court that the original note executed and delivered to Henry Gettler, at the time the $2,000 was loaned by him, is now in the record and shows that this note was executed

by Leo Zimlich alone. It is then argued that, assuming this fact to be true, it becomes perfectly manifest that the renewal note of date March 22, 1933, signed by Leo Zimlich and Hannah Zimlich was one in which Hannah Zimlich was necessarily a surety and, therefore, the note, as to her, is void under the statutes.

"The difficulty of sustaining this position taken by the plaintiff in the case at bar grows out of the position heretofore taken by Mrs. Hannah Zimlich in reference to this transaction. It appears from the evidence that the Security Bank heretofore brought an action against the executors of the estate of Leo Zimlich et al. in this court. This suit was brought, in part, for the purpose of setting aside a transfer of five shares of stock in the Gardners & Farmers Market Company, which had been assigned and transferred by Leo Zimlich during his life to his wife, Hannah Zimlich. In this litigation Hannah Zimlich defended the action brought by the Security Bank by pleading and testifying that these five shares of stock came to her hands from her husband, Leo Zimlich, as a result of an agreement on her part to borrow from her father, Henry Gettler, the sum of $2,000 to be turned over by her to her husband, Leo Zimlich; that in consideration of her so borrowing this money from her father and turning same over to Leo Zimlich for his use, her said husband, Leo Zimlich, agreed to assign and transfer to her the five shares of stock involved in the litigation with the Security Bank; that thereafter and pursuant to said agreement the stock was transferred from Leo Zimlich to her and that she thereby became the owner and holder of said stock for a valuable consideration.

"In this former case, Hannah Zimlich filed an answer. She stated unequivocally and repeatedly that she had personally conducted the negotiations with her father looking toward the borrowing from him of this $2,000, that her father had notified her during the course of these negotiations, that any money loaned by him would be charged up against her in his will and that when the loan was finally made by Henry Gettler, it was definitely stated and distinctly understood by her that the loan was one

which her father intended to look to her, as well as her husband, for the return of the sum advanced and further intended to charge against her in his will.

"As a matter of fact, the Security Bank Case went to the Court of Appeals of Kentucky and in its opinion in the case of the Security Bank v. Zimlich's Ex'x, 261 Ky. 560, 88 S. W. (2d) 286, the court found:

" 'The widow, Mrs. Hannah Zimlich, established that in 1930 she had obtained $2,000 from her father as an advancement and let her husband have it; that he agreed at the time to give her either outright or by way of partial security five shares of stock in the Gardners & Farmers Market Company, which, it appears, was then worth $1,000; that the certificate could not be located; when application was made to the company for a duplicate, it was suggested that she wait a year and then if the certificate could not be found and she would execute an indemnifying bond, a duplicate would be issued; that the bond was not made until early in 1933, and in June the duplicate certificate was issued to Mrs. Zimlich and the stock transferred on the books of the company. The court also set aside this transfer and adjudged Mrs. Zimlich a lien on the stock to reimburse her.'

"It is true that the Court of Appeals, by its opinion, held that Mrs. Zimlich was not entitled to retain this stock; but this conclusion was reached by the court solely upon the ground that under section 2128 of Kentucky Statutes any gift, transfer, or assignment of personal property between husband and wife was void, unless in writing, acknowledged and recorded.

"It further appears from the allegations of the original petition in this action that Mrs. Zimlich stated the original note given her father, Henry Gettler, was executed by her and her husband, Leo Zimlich.

"The original petition in this cause was filed June 17, 1935. Henry Gettler appears to have died in August, 1934, and his will was probated on September 15, 1934. At the time this action was insti-

tuted, Mrs. Hannah Zimlich was fully acquainted with the terms of her father's will and with the fact that she was charged with the payment of this renewal note. At that time, the Security Bank Case had not yet been decided by the Court of Appeals. This case was decided by the court December 3, 1935. Leo Zimlich died in July, 1933, and those interested in his estate had been in possession of his papers and belongings for a period of substantially three years before the note mentioned in the amended petition herein was found. In the meantime and before the discovery or production of this note, Mrs. Zimlich had, on many occasions, under oath and in conversation, freely admitted, and, at times, vigorously insisted that she had executed, along with her husband, Leo Zimlich, the original note of date March 22, 1930. So vigorously and insistently had this contention been made that this court had found, as a fact, that her contention in this connection was established as a fact.

"The Court of Appeals had likewise held in the Security Bank litigation that the fact of Mrs. Zimlich's signature to this original note was established.

"Under these circumstances it would be a rather remarkable reversal of form for the same identical court which had found as a fact that this original note had been executed by Mrs. Hannah Zimlich and had adjudged to her certain rights because of this signing, to now hold that Mrs. Zimlich did not execute this original note and to award her relief from a burden upon the ground that no such note was ever signed by her.

"Taking into consideration all of the testimony of Mrs. Zimlich, as found in the present record, together with her testimony, given in the former action and placed in this record by her examination, together with the testimony offered on behalf of the defendants on this subject, the court has reached the conclusion that the plaintiff has failed to establish, by the preponderance of evidence, that she did not execute the original note of date March 22, 1930, and has also failed to establish to the satisfaction of the court that she signed this original note merely as surety and for her husband.''

638

See Smith v. First National Bank of Pikeville, 243 Ky. 716, 49 S. W. (2d) 538, 539; Redmon v. First National Bank of Paris, 256 Ky. 659, 76 S. W. (2d) 933.

It follows from the foregoing that the judgment is correct.

Judgment affirmed.