This is a suit by the Commercial Credit Corporation domiciled in the City of New Orleans, on an installment promissory note in the amount of $1043.04, bearing 8% per annum interest, in addition thereto 25% additional on the aggregate amount of *Page 297 
principal and interest as attorney fees. The plaintiff alleged that it was the holder and owner in due course for a valuable consideration before maturity of the above-mentioned note signed by the defendant on June 18, 1947 and paraphed "ne varietur" for identification with an act of chattel mortgage passed before Richard O. Rush, Notary Public in and for the Parish of East Baton Rouge, State of Louisiana, of the same date as the note, and, further, that the note was assigned to the plaintiff by the Day Motor Company for valuable consideration before maturity. Petitioner further alleged that it feared that the defendant would conceal, destroy, part with or dispose of the truck involved, and prayed for a writ of sequestration.
Defendant, before answering, prayed for oyer of the note and the Court so ordered and plaintiff filed the note in question.
Defendant answered, admitting his signature on the note but denied the remaining allegations and especially denied that plaintiff is a holder in due course. He further admitted that he had made no payment on the note but denied that he is responsible or liable for any amount thereof. Further answering, the defendant contended that the plaintiff is not the holder and owner of the note in due course and that the note is subject to all of the equities existing between the seller, Clyde H. Day, doing business as Day Motor Company, for the reasons that the said Clyde H. Day was acting as agent and attorney in fact for and on behalf of the plaintiff company in receiving the note and executing the act of sale and chattel mortgage and signing the printed endorsement on back of the note and delivering it to the company. He further set forth that the printed forms of the note, act of sale and chattel mortgage were furnished by plaintiff company to Day for the express purpose of obtaining chattel mortgages and vendor's liens on cars and transferring the note with the intent to make it appear that plaintiff company was the third holder in due course.
Defendant further alleged that while the note bears the notarial paraph, neither it nor the act of sale and mortgage was executed in the presence of any notary and that this fact was known to plaintiff. Further, that the note was paid and cancelled by the return to respondent of his cash down payment of $1000.00 and delivery by respondent of the truck to Day before the note was actually delivered to the plaintiff, and that the plaintiff company had knowledge of this fact.
Finally, defendant alleged that at the time of the cancellation of said sale, Day, acting as the agent of the plaintiff company, informed the respondent that the note and chattel mortgage would be destroyed and not recorded.
After trial on the merits, there was judgment in favor of the defendant rejecting plaintiff's demand, dismissing the suit at plaintiff's cost. Plaintiff has appealed.
The note sued on was made payable to the order of Day Motor Company in the sum of $1043.04 in twelve monthly installments of $86.92 each, the first installment payable one month from date and the balance in equal monthly installments of even date for each succeeding month, payable at the office of the Commercial Credit Corporation at New Orleans, Louisiana, and contains an acceleration clause. The note is signed by defendant on a line marked beneath it "(buyer)." Just below this is another line and at its beginning is the word "By." Just under the line are the words "(Owner, officer, or firm member)" and on this line is the signature of Clyde H. Day. This signature has been stricken through with a pen and also with a pencil. However, the signature is legible and can be easily read. Just to the right of Day's signature are initials made in pen and ink but the letters are so poorly formed as to be illegible. At the upper left-hand corner, there is a line with a $ mark and opposite it, in ink, are the figures 1043.04. The rest of the blanks are filled in by typewriter. The note is dated Greensburg, Louisiana, June 18, 1947. On the back of the note there is printed, among other things, "For value received pay to the order of Commercial Credit Corporation, New Orleans, Louisiana. Without recourse." Immediately under these words is a blank line at the beginning of which *Page 298 
is the word (Signed) and at the end of the line is the word (Seal). Under this line is the word (Dealer). This line is still blank or not filled in. Immediately thereunder is another line beginning with the word (By) and under it the words (Owner, officer or firm member). On this line appears the signature of Clyde H. Day. On the face of the note, there appears the usual paraph, dated June 18, 1947, and signed by Richard O. Rush, Notary.
The testimony is conflicting in several respects and is not as full as it could have been, leaving several questions unexplained. However, it appears that this whole transaction arose out of a sale by a truck by Ciyde H. Day, doing business as Day Motor Company, to the defendant. According to the testimony of Day and the defendant, the defendant purchased a truck on Saturday morning giving Day a check for $1000.00 and signing a note and chattel mortgage in blank. The defendant stated that this occurred on May 31, 1947. However, Day contends that the transaction took place on June 18, 1947 but both testify that it was on a Saturday. Day testified that he took the note and chattel mortgage immediately thereafter and on the same day to the office of the Commercial Credit Corporation in Baton Rouge, Louisiana, between the hours of ten A.M. and twelve noon, where he sold it to plaintiff. The evidence clearly shows that the transaction did take place Saturday, May 31, for the cancellation perforations made by the bank on a check dated May 30, 1947, signed by defendant, made payable to C. H. Day for $1000.00 and endorsed by him show that this check was cashed at the bank in Greensburg on May 31st. Then, too, according to the testimony of the manager of the Commercial Credit Corporation, the note was dated the day it was brought to his office which was June 18, 1947 and which was a Wednesday, May 31st being a Saturday.
On the Monday after the Saturday on which the truck was purchased, defendant returned the truck to Day and received from him $1000.00 in cash and, according to his testimony and Day's testimony, instructed Day to destroy the note and mortgage. Day admitted that he did not do so but, instead, took them to the office of the Commercial Credit Corporation in Baton Rouge where they were filled in by the employees of the plaintiff company and that he was paid $900.00 for the note. Mr. Bock, the manager of the Baton Rouge office, admitted that he paid Day $900.00 for the note in question. He contended, however, that the note was filled out when he received it from Day and that he did receive it on June 18, 1947. There is no doubt that Day received $900.00 from the Commercial Credit Corporation for the note in question.
There is introduced in evidence an instrument identified by Mr. Bock of the plaintiff company as being a copy of the act of sale and chattel mortgage which was identified by notarial paraph with the note. This instrument is printed with the usual blank spaces to be filled in and is obviously furnished by the plaintiff company. All of the blank spaces on the face of the instrument are filled in by typewriter and it is dated Greensburg, Louisiana, Parish of St. Helena, June 18, 1947. The face of the instrument shows the selling price of the truck to be $1900.00 with a total down payment of $1000.00 in cash and unpaid balance of $900.00 and a charge for insurance, recording and finance charges in the amount of $143.04, leaving a balance due of $1043.04 which is the amount of the note in question. On the back is the usual buyer's statement made out in ink and signed by defendant. The instrument was notarized by Richard O. Rush who is admittedly a notary of the Parish of East Baton Rouge and witnessed by two witnesses who were, on June 18, 1947, employees of the plaintiff company. The instrument is also signed by Clyde H. Day but is not signed by the mortgagor. As pointed out, this is an uncertified copy of the original and there is nothing to indicate whether or not the defendant signed the original. There can be no doubt and, in fact, is admitted by Mr. Rush on argument, who acted as notary and is one of the attorneys of the plaintiff company, that the defendant was not present when the instrument was signed by witnesses or the *Page 299 
notary, nor was he present at the time the note was paraphed by the notary, and that it was executed by the notary in the office of the plaintiff company. The defendant denied that the plaintiff company is a holder in due course and, consequently, any defense or equity which he may have against the payee can be successfully urged against the plaintiff which is in this case the rescission of the sale of the truck for which this note was given. He based his contention principally upon the theory that the plaintiff company, by furnishing Day with their notes and chattel mortgages, in effect made Day their agent and cited the cases of C. I. T. Corporation v. Emmons, La. App., 197 So. 662, and General Motors Acceptance Corp., v. Swain, La. App., 176 So. 636. We do not believe however, that these cases are applicable. In the Emmons case, the defendant purchased a refrigerator and financed it through the plaintiff company who furnished the seller with the blanks necessary. The refrigerator was destroyed by fire. The Court held that the plaintiff company knew that insurance was to be provided under the contract of sale as financed and the evidence showed that this insurance was paid for by the purchaser and, therefore, this knowledge of the defense precluded it from becoming a holder in due course. In the Swain case, the Court said that, under the circumstances of the case, it must be assumed the plaintiff was fully aware of the manner in which the differential had been figured and the terms on which the car had been sold and therefore was in the same position with reference to the defense of usury as the original holder would have been. In the case at bar, the defense of failure of consideration by the rescission of the sale could not be known to the plaintiff company from the note and chattel mortgage and, therefore, a case of agency has not been made out.
In order for one to become a holder in due course, he must have taken the instrument under the following conditions;
(1) That it is complete and regular upon its face;
(2) That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;
(3) That he took it in good faith and for value;
(4) That at the time it was negotiated to him, he had no notion of any infirmity in the instrument or defect in the title of the person negotiating it. See Act 64 of 1904, Section 52, Dart's Statutes Section 841.
The note in this case was not complete and regular on its face at the time it was brought to the office of the plaintiff company. While it is true that Mr. Book, the manager, testified that it was filled out and signed when it was brought to him, on the contrary, Mr. Day testified that it was taken to the office of the plaintiff company signed in blank and that it was filled out in that office by employees of plaintiff. Freiler, the defendant, also testified that the note and mortgage were signed in blank. Day also testified that in most of his transactions with the plaintiff company, they filled out the necessary documents as he did not have a typewriter. This, coupled with the fact that the note was paraphed in plaintiff's office by their attorney out of the presence of the defendant, and the fact that the figures in one place on the note are in ink and in another by typewriter and the due dates are filled in by a typewriter, is sufficient evidence that the note was not complete on its face when taken to the office of the plaintiff company where it was purchased. this is further borne out by the fact that the chattel mortgage was also made out on a typewriter and included the exact charges for recording, insurance and finance charges which would be required by the plaintiff company. As previously stated, Day's name appears on the face of the note and is scratched through with pen and pencil and someone's initials added. Plaintiff made no effort to explain any of these irregularities or to contradict Day's statement that the note and mortgage were made out by employees of plaintiff except that Bock said that when it got to him, it was made out. Then, too, the endorsement on the back of the note does not include Day Motor Company but only *Page 300 
Clyde H. Day. See 10 C.J.S., Bills and Notes, § 328, B C and 8 American Jurisprudence Section 396-397, and Moore v. Vaughn,167 Miss. 758, 150 So. 372.
The scratching through of Day's name on the face of the note remains unexplained. Certainly, this is a material alteration as it would or could affect the number and the relations of the parties. See Act 64 of 1904, Sections 124 and 125. Dart's Statutes Vol. 1, Sections 914 and 915. While the testimony of Day and Freiler seems to indicate that Day did not sign the note as comaker in the presence of Freiler, there is nothing whatever in the testimony to explain how his name got on the note as comaker or who scratched it out. The initials opposite Day's signature on the face of the note obviously are not in the handwriting of either Day or Freiler and are unexplained by the plaintiff so it must be assumed that they were placed there by an employee of the plaintiff company and that the alteration was made with the knowledge of the plaintiff company and without the knowledge of defendant.
We are mindful that where a person signs a note in blank he may be estopped from urging defenses to the note if he had caused an innocent third person to be harmed thereby. This estoppel applies where the note is complete and regular when it comes into the hands of the holder in due course which was not the case here.
There is some testimony in the case that plaintiff sent the defendant two coupon books, an insurance policy and other material and also that they wrote him, but defendant denied receiving it. No copies of this correspondence were offered in evidence. Plaintiff also attempted to prove that defendant promised to pay this note after he was notified of its existence in the hands of plaintiff. However, we can find no evidence to establish an unconditional promise to pay, orally or in writing.
The evidence is conclusive that the note in question was brought to the office signed in blank, and that the employees of plaintiff were the ones who filled in the note and chattel mortgage. Certainly, plaintiff is bound by the knowledge of its employees or agent in the confection of this instrument. Plaintiff is not a holder in due course and the judgment of the District Court is correct and it is accordingly affirmed at plaintiff's cost.