## Priest et al. v. State Tax Commission et al.

(Decided March 15, 1935.)

WOODWARD, HAMILTON & HOBSON and L. F. BISCHOF for appellants.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellants and plaintiffs below are engaged in different sections of the commonwealth in the business of private carriers of freight for compensation and which is conducted through the operation of motor vehicle trucks upon the public highways. They are not

common carriers, since they do not operate exclusively between fixed termini nor with schedule rates of charges or on schedule time. The trucks employed by them, according to the admitted facts in the record, do not exceed 5,500 pounds in weight when empty.

Our Legislature at its 1932 regular session enacted chapter 104, p. 514, of the Session Acts of that year (Ky. Stat. Supp. 1933, sec. 2739j-42 et seq.), which was and is a statute "regulating and governing the transportation for hire of persons and property by motor vehicles on public highways," etc. Its section 26 (on page 534 of the Session Acts, art. 4, and now section 2739-94 of the 1933 Baldwin's Supplement) exempts from the exactions of the act four classes of motor vehicles which would otherwise be burdened with them. The third class of such exempted operations was thus phrased: "Motor vehicles for hire, designed primarily for the transportation of property, provided such motor vehicles, when unloaded, weigh not more than fifty-five hundred pounds," and which under the stated facts would exempt plaintiffs from the impositions of the statute.

The Legislature at its 1934 session amended that and other sections of the 1932 act by enacting chapter 103, p. 489, of the Session Acts of that year, and substituted for exemption "Three" of the 1932 act (page 492) this one: "Motor vehicles transporting farm products, including dairy products and live stock, from the farm to point of destination, or from any point to the farm, by way of the shortest practicable route." It was immediately followed by this: "But if this clause should be declared by the courts to be unconstitutional, then it is the intention of the legislature that the present section two thousand seven hundred thirty-nine j-ninety-four [2739j-94] exempting truck of loaded capacity of five thousand five hundred pounds shall remain and be in force." That exemption, it will be observed, had the effect to bring the motortrucks operated by plaintiffs within the provisions of the 1932 act if and when they transported freight therein over the public roads of the commonwealth other than "farm products, including dairy products and live stock, from the farm to point of destination, or from any point to the farm, by way of the shortest practicable route." None of them were or are exclusively engaged in transporting the latter class of freight which the statute requires they

should do in order to be entitled to the exemption; and they brought this action against the state tax commission, its members, and other enforcement officers to enjoin them from prosecuting plaintiffs for failing to comply with the provisions of the 1932 act, and alleged as one ground therefor that it, as amended by the 1934 act, was and is invalid because in contravention with the Fourteenth Amendment to the Constitution of the United States in denying plainiffs "the equal protection of the laws" which that amendment guarantees to all citizens. Plaintiffs therefore averred that the 1934 exemption arbitrarily and unreasonably discriminates between them and similar transporters who carry and transport for hire only the class of products and commodities mentioned in exemption 3 of that act.

The pleadings in the case were so framed as to properly present that question for determination, and, since we have concluded that the ground of attack stated is well taken, we will neither mention nor refer to any of the others relied on. The court adjudged that exemption 3 in the 1934 act did not contravene any provision of either the federal or state Constitution and dismissed the petition, to reverse which plaintiffs prosecute this appeal. Introductory to our discussion of that decisive question, we would first direct attention to the fact that exemption 3 in the attacked 1934 act is not directed to the farmer in the transportation of his farm products with his truck to the initial market, or articles or products that he may transport in the same way from the market to his farm. If the exemption had been so framed, it would have been valid, at least on one ground, i. e., that the statute in which the exemption is found applies to carriers "for hire," as is expressly stated in both the title to and body of the 1932 act, of which the 1934 one is an amendment.

A farmer as a carrier of his own product in his own truck, or one procured by him for the purpose, would not, while so hauling for himself, be engaged in transporting goods or articles "for hire." But no such case is presented to us. The attacked exemption applies to all such carriers for hire when transporting to market for the commodities named therein for the class of person who produces them or for whose benefit they are carried to him from the market; i. e., the farmer.

The attacked exemption here does not even confine the transporting of the products named in it as one for the benefit of the farmer in marketing them, since the language is broad enough to and does embrace the transporting of such commodities "from the farm to point of destination," which may be done for the benefit and at the instance of some one who has purchased them from the farmer and desires their transportation to any point he wishes, and which would be their destination as named in the exemption. The distance of the transportation is not attempted to be measured by the language employed, and the same is true with reference to the commodities that may be transported to the farm from any point away from it, howsoever distant, except that the trips be made "by way of the shortest practicable route," which, however, would in all probability be followed, though not contained in the statute, since it embodies a universally observed businesslike and practical course of conduct. So that, in its last analysis, the exemption applies to a transporter for hire of the commodities embraced therein from and to the farm.

All of the courts in this country, both federal and state, with one accord declare that it is competent (unless prohibited by some constitutional provision) for legislation to make classifications for both police and taxation purposes; but with equal accord they also declare that such classification when made shall have some reasonable basis upon which to rest and not a mere arbitrarily declared one with no factual support. The classification must also be so framed as to be exclusively applicable to the person or thing sought to be embraced therein, and in the enforcement of which, when so circumscribed, others will not be unjustly and unreasonably discriminated against. Some of our domestic cases so declaring are Hager v. Walker, 128 Ky. 1, 107 S. W. 254, 32 Ky. Law Rep. 748, 15 L. R. A. (N. S.) 195, 129 Am. St. Rep. 238; Morrell Refrigerator Car Co. v. Commonwealth, 128 Ky. 447, 108 S. W. 926, 32 Ky. Law Rep. 1389; and Williams v. City of Bowling Green, 254 Ky. 11, 70 S. W. (2d) 967. There is now with us no state Constitution inhibition against reasonable classifications in the enactment of the character of statutes we are now dealing with, and, unless the exemption classification No. 3 in the 1934 act, supra, is contrary to the generally stated requirements that we have indicated, the trial court was correct in his de-

termination, and the judgment should be affirmed; but, on the other hand, if, as framed, that exemption is not in conformity with such classification requirements, then the trial judge erred in declaring otherwise, and his judgment should be reversed. Howsoever, much it might be desired that the 1934 exemption No. 3 could be upheld, or, rather, that the purpose for which it was enacted could be accomplished by upholding it, we are constrained to the conclusion that its enactment was and is in contravention of the mandatory provisions of the Fourteenth Amendment to the Federal Constitution, and for which reason it is invalid and unenforceable.

The Supreme Court of the United States in the case of Smith v. Cahoon, 283 U. S. 553, 51 S. Ct. 582, 587, 75 L. Ed., 264, determined and disposed of what we conclude is almost exactly the same question by holding that the same attempted classification for exemption purposes in the same character of statute offended the provisions of the Fourteenth Amendment to the Federal Constitution and was invalid. The enactment there involved was a statute of the state of Florida, and which, as we have said, related to the same subject as do the two domestic statutes above referred to; i. e., the regulation of motor transportation vehicles on public highways for hire. Among the exempting provisions in the Florida statute was one (Laws Fla. 1929, c. 13700, sec. 1 (h) saying: "Any transportation company engaged exclusively in the transporting agricultural, horticultural, dairy or other farm products and fresh and Salt Fish and Oysters and Shrimp from the point of production to the assembling or shipping point enroute to primary market," etc. It was attacked by others engaged in similar transportation of other freight and products not embraced therein upon the same ground as is urged by plaintiffs herein. The case found its way to the Supreme Court of the United States, and in its opinion it sustained the ground of attack because it found that the classification that the Florida Legislature attempted to make was unreasonable, arbitrary, and without factual distinction, and was not based on anything having relation to the purpose for which it was made.

Other questions are discussed and disposed of in the opinion, but on the one now under consideration the opinion said, inter alia: "But, in establishing such a regulation, there does not appear to be the slightest

justification for making a distinction between those who carry for hire farm products, or milk or butter, or fish or oysters, * * * or tea or coffee, or groceries in general, or other useful commodities." The holding of the opinion was followed by the United States District Court of the Eastern District of South Carolina in Nutt v. Ellerbe, 56 F. (2d) 1058, and by the United States District Court, District of Kansas, in the case of Louis v. Boynton, 53 F. (2d) 471, wherein the same character of exemption was involved in the statute there under consideration. The holding by the federal courts in those opinions have not been departed from, although learned counsel for defendants insist that they have lately manifested an inclination to do so. The cases cited in support of that suggestion do not involve the question now under consideration, but dealt only with the right of a state to enact police regulations with reference to motor vehicles engaged in interstate commerce, and are therefore not applicable here.

The same counsel also rely upon the cases of Continental Baking Co. v. Woodring, 286 U. S. 352, 52 S. Ct. 595, 596, 76 L. Ed. 1155, 81 A. L. R. 1402, and Hicklin v. Coney, 290 U. S. 169, 54 S. Ct. 142, 144, 78 L. Ed. 247. In the Woodring Case the exemption was: "The transportation of live stock and farm products to market 'by the owners thereof or supplies for his own use in his own motor vehicle.'" The Supreme Court referred to its prior opinion in the Cahoon Case, supra, and, in distinguishing the exemption there involved from the one then being considered, the opinion said: "The distinction in the instant case is of a different sort. The statute does not attempt to impose an arbitrary discrimination between carriers who transport property for hire, or compensation, with respect to the class of products they carry. The exemption runs only to one who is carrying his own livestock and farm products to market or supplies for his own use in his own motor vehicle." The exemption of the Kansas statute then under consideration was upheld.

In the Hicklin Case the exemption in the statute was: "Farmers or dairymen, hauling dairy or farm products; or lumber haulers engaged in transporting lumber and logs from the forest to the shipping points." The Supreme Court, in upholding it, adverted to the fact that the particular exempted transportation was known to be seasonable, in that it was not constant the

year round. But it furthermore said that: "The exemption here is further limited by the fact that it can apply only to one whose principal business is that of a farmer or dairyman and not to one merely incidentally engaged in farming or dairying." That language was taken with approval from the opinion of the Supreme Court of South Carolina. In neither the Woodring nor the Hicklin opinions of the Supreme Court was there any modification of its opinion in the prior Cahoon Case, supra. On the contrary, in each of them it was expressly referred to, and the distinction between the statute there involved and the ones involved in the Woodring and Hicklin Cases was pointed out.

As hereinbefore seen, exemption 3 of the 1934 act, which is the subject-matter of attack by plaintiffs, is not limited or extended to the farmer, or the dairyman, or the producer of any of the articles therein mentioned in hauling his products to market by employing his own truck, as was true in the Woodring and Hicklin Cases; but, on the contrary, the exemption runs alone to not merely agricultural and dairy products, but to such products when, and only when, being transported from the farm to the point of destination by one who is regularly engaged in the motor transportation business for compensation, as are the plaintiffs in this action. We can see no escape from the conclusion announced by the Supreme Court in the Cahoon Case or any way by which it may be avoided. Indeed, the Legislature itself was necessarily doubtful of the proposition, since it expressly enacted in the 1934 act that, if the exemption 3 therein adopted should be declared to be unconstitutional, "then it is the intention of the legislature that the present section two thousand seven hundred thirty-nine j-ninety-four exempting truck of loaded capacity of five thousand five hundred pounds shall remain and be in force," and which is exemption "Three" in the 1932 act.

Since we conclude that there can be no reasonable distinction drawn between the statute here involved and the one before the Supreme Court in the Cahoon Case, it follows that the court erred in upholding the validity of exemption No. 3 contained in the 1934 act, and which, according to the express provisions of that amendment, automatically reinstates exemption "Three" of the 1932 act.

Wherefore, for the reasons stated, the judgment is

reversed, with directions to set it aside and to render one in conformity with the principles of this opinion.

The whole court sitting.