## City of Ravenna et al. v. W. T. Sistrunk & Co.

(Decided March 22, 1935.)

ROBERT R. FRIEND for appellants.

SHUMATE & SHUMATE for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The city of Ravenna in Estil county is one of the fifth class. The appellee and plaintiff below, W. T. Sistrunk & Co., is a corporation, and its business is that of wholesalers of groceries, and of other lines of merchandise, and which is located in the city of Lexington, Ky. Its customers are merchants and dealers within a limited radius around Lexington, and chiefly, if not exclusively, confined to that territory. Its method of conducting its business is through solicitors or drummers visiting the place of business of the customer and taking from him orders which the solicitor sends in to plaintiff for its acceptance or rejection. It also receives orders from its customers, either by telephone, telegram, or by mail and, if accepted, it later fills them in the manner hereinafter stated. It maintains a fleet of trucks with which it makes deliveries to its customers from its wholesale house in Lexington in fulfillment of the orders it accepts.

It had at the time of the filing of this action, and prior thereto, some customers in the city of Ravenna, Ky., who ordered from it the merchandise which it sells by wholesale, and to whom it would make deliveries with its trucks of all accepted orders. One of the articles of merchandise which it handled and sold by wholesale in the manner indicated was Schlitz beer, containing not more than 3.2 per centum of alcohol by weight, and which is put up in cases of 2 dozen bottles of 12 fluid ounces each. The city of Ravenna passed an ordinance by its general council levying a gradation tax upon the operators of motor vehicles for hire over the streets of the city, and plaintiff paid that tax and obtained a license to so use the streets with its delivery trucks. Later, the city passed another ordinance, No. 302, by which, "in order to provide revenue for the city of Ravenna," it levied a tax of $50 per annum on all persons engaged in "the business of manufacturing, dealing in and selling beer, lager beer, ale, porter, stout, wine, similar fermented malt or vinous liquor, and fruit juice," which contained as much as ½ of 1 per cent. alcohol by volume, nor more than the above percentage of 3.2 per cent. of alcohol by weight, and in that ordinance it imposed an annual tax of $50 per year for any one who was a "distributor" of the article taxed.

Section (c) of section 1 of the ordinance thus de-

fined the term "distributor" within the ordinance: "The term 'distributor' shall mean (a) any person, other than a brewer or manufacturer, that sells beer, as herein defined, in any quantity greater than two dozen bottles of 12 fluid ounces each for consumption elsewhere than on the premises of the seller; and the term 'distributor' shall also include (b) any person that, having sold beer outside the City of Ravenna for delivery within the City, shall deliver same, or cause it to be delivered within the city." The divisions (a) and (b) appearing therein are of our own making for the purposes of convenience, they not appearing in the ordinance itself.

Plaintiff declined to comply with the latter ordinance, by taking out the license it imposed, and prosecutions were threatened against it for failing to do so. It then filed this action in the Estill circuit court against the city and its enforcement officers as a declaratory judgment one, in which it sought a permanent injunction against its threatened prosecution upon the ground that the ordinance in so far as it was concerned was unjustly discriminatory and deprived it of the "equal protection of the laws" contrary to the provisions of the Fourteenth Amendment to the Federal Constitution. The trial court sustained the prayer of the petition by granting the permanent injunction therein prayed for, after having determined that the transaction sought to be taxed by the ordinance was not one upon which the city could levy the tax; and, calling in question the soundness of that judgment, defendants prosecute this appeal.

Certain stipulations, affidavits, and exhibits were filed and by agreement were considered by the trial court at the hearing. Among them were samples of invoices and bills for purchases taken by plaintiff's solicitors from its customers, as hereinbefore described, and they each, by printed matter thereon locate the situs of the sale of the goods by plaintiff at its place of business in Lexington, Ky. The affidavit of C. T. Crowe, an officer of plaintiff, was filed and considered by the court, and in which he described the method employed by plaintiff in the transactions of its business as hereinbefore outlined, and he furthermore stated that the orders taken by its solicitors, including that for beer, were sent into its home office for acceptance

or rejection by its credit department, and that until acceptance thereof was made the contract was incomplete and amounted to no more than an offer by the customer to make the purchase. In the stipulation filed and considered by the court, it was agreed: "That the orders when taken are sent into the offices and places of business of plaintiff in Lexington, Kentucky, and thereupon the said beer, together with any other groceries ordered by wholesale are delivered by plaintiff," etc. It was furthermore agreed therein that plaintiff had complied with the prior ordinance taxing it for the use of its trucks upon the streets of the city. It also appeared that beer was delivered by other common carriers for hire, but which carriers were not themselves sellers thereof and were not embraced by the ordinance.

It is conceded by the parties that classification (b), supra, is the only part of the attacked ordinance that embraces and applies to plaintiff, and an analysis of it clearly discloses that the transaction attempted to be taxed therein (and the ordinance says that it is a revenue one) is that of delivering beer to a person within the city by one who has sold it under contract made "outside the city" and which delivery is done pursuant to an agreement therefor, or "one having sold beer outside of the city of Ravenna" and who causes "it to be delivered within the city," and which latter would include one who sold the taxed article by contract entered into outside of the city (and who had no business situs within it) and who procured a carrier to deliver the goods to the buyer after the sale became complete.

Classification (a), supra, of the excerpt from the ordinance evidently was intended to apply alone to persons who had a business situs within the city, since classification (b) seeks to "also include" the transaction therein described, and which as we have seen is the sale of beer "outside the city" for delivery therein, and which the seller himself later delivers or causes it to be delivered. That distinction clearly indicates that those amenable under classification (a) were local to the city, and those sought to be held amenable under classification (b) were and are persons located outside of the city, but not to all of them. Thus viewed, it is difficult to see exactly what is the par-

ticular transaction of the plaintiff that is taxed. It cannot be that the tax attempted to be levied by the attacked ordinance was in anywise based upon the use of the streets of the city in operating plaintiffs' trucks, since that privilege had already been bought by complying with the first ordinance, supra. The taxed transaction, therefore, is something other than the privilege of using the city streets. The thing taxed cannot be the transaction constituting the sale of the beer, since, as we have seen, it occurred in Lexington, Ky., where the business of plaintiff is located, and which the ordinance itself recognized as being at a place "outside the city." See City of Newport v. Wagner, 168 Ky. 641, 182 S. W. 834, Ann. Cas. 1917A, 962, and the text in 55 C. J. 80, et seq.

The only remaining transaction then to which the tax could attach is the act of delivery within the city and which plaintiff would not be amenable to if the beer delivered by it had been sold by some other person than itself, and which transaction (of mere delivery) the ordinance does not tax when performed by the other exempted carriers who deliver the article within the city for a non-delivery seller. We are therefore thoroughly convinced that the attempted differentiation (i. e., the delivery of beer that had been previously sold by the one who delivered it, and the same act of delivery made by others in the same manner, but who had not previously sold it, the delivery being made for another who was the seller under a sale made outside of the city) is arbitrary and not permissible under the power to classify for police and taxation purposes, and because of which the enforcement of the ordinance against plaintiff would deprive it "of the equal protection of the laws," contrary to the provisions of the Fourteenth Amendment to the Federal Constitution. We considered the question in the very recent case of Priest v. State Tax Commission, etc., 258 Ky. 391, 80 S. W. (2d) 43, and in which we denied the right to make the classification therein involved, notwithstanding it was perhaps less objectionable than the one here involved. On the point under consideration, we said in that opinion. "All of the courts in this country, both federal and state, with one accord declare that it is competent (unless prohibited by some constitutional provision) for

600

legislation to make classifications for both police and taxation purposes; but with equal accord they also declare that such classification when made shall have some reasonable basis upon which to rest and not a mere arbitrarily declared one with no factual support. The classification must also be so framed as to be exclusively applicable to the person or thing sought to be embraced therein, and in the enforcement of which, when so circumscribed, others will not be unjustly and unreasonably discriminated against.''

Federal, domestic, and other foreign state cases are cited in that opinion in substantiation thereof, and to which might be added the case of Moore v. State Board of Charities and Corrections, 239 Ky. 729, 40 S. W. (2d) 349, and cases therein cited. The excerpt from the Priest Case embodies the substance of the holding of all of the courts on the right of taxing authorities to classify persons and property for such purposes, and a further listing of cases in substantiation thereof is wholly unnecessary, since there are none to the contrary.

The contract between plaintiff and its customers by which it became the seller and they became the purchasers of the goods it handled occurred in Lexington, and it is not subject to the tax if based thereon, and, since the attemped levy of it must necessarily be confined to the act of delivery under the discriminatory classifications referred to, it follows that the court properly sustained the prayer of the petition and granted the perpetual injunction.

Wherefore, the judgment is affirmed.

The whole court sitting.