## Longnecker, et al. v. Bondurant.

(Decided January 26, 1917.)

### Appeal from Fulton Circuit Court.

1. Trial—Evidence—Burden of Proof—Argument of Counsel.—Where the party upon whom the burden of proof rests permits the other party, without objection, to first introduce his evidence, he waives his right to the concluding argument to the jury.

2. Principal and Surety—Bills and Notes—Evidence.—In an action to recover on a renewal note, evidence examined and held to authorize the submission to the jury of the question of whether the relation of the maker of the note sued on to the original note was that of principal or surety.

3. Husband and Wife—Bills and Notes—Principal and Surety.—A wife shown to have signed an original note as a joint principal with her husband cannot claim, in an action to recover on a renewal thereof signed by her and not signed by her husband, that the original note was signed by her as a surety.

4. Husband and Wife—Principal and Surety.—In an action to recover of both obligors in a renewal note, where the defense is interposed that the note sued on was executed in renewal of a note signed by one of them, a married woman, as surety of her husband, and that by reason thereof she incurred no liability; and it is shown by the evidence that the original note was in fact executed by the latter as principal, both obligors are liable on the renewal note sued on.

5. Husband and Wife—Liability of Wife on Note.—Where the proceeds of a joint note of husband and wife were used in a mercantile business in which the husband and wife were partners, she will be liable on the note for the full amount thereof, although she signed the note intending only to bind herself as the surety of the husband.

R. B. FLATT for appellants.

WILL J. WEBB for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Affirming.

This is an appeal from a judgment of the Fulton Circuit Court whereby the appellee, J. J. C. Bondurant, recovered of the appellants, Jennie V. Longnecker and Ferdie Maddox, her son, $1,000.00 upon a note for that amount executed to him by them July 6, 1911, credited by interest paid to December 5, 1913.

The joint and several answer of the appellants to the petition alleged that the note was executed by them

in renewal of one for a like amount made to appellee in 1910, by John B. McClure, the then husband of the appellant, Jennie V. Longnecker, on which she was surety; that McClure thereafter died insolvent, and`she later became the wife of Dr. A. M. Longnecker, and was his wife at the time she signed the renewal note executed July 6, 1911; that she and Ferdie Maddox, in ignorance of their legal rights, were induced to sign the renewal note, the latter as his mother's surety, by the false and fraudulent representations of appellee that the debt it was intended to evidence was one for which Jennie V. Longnecker was liable as a joint obligor with her former husband, John B. McClure; and that neither Jennie V. Longnecker nor Maddox received any benefit from the execution thereof or from the original note of which it was a renewal. The averments of the answer were controverted by the appellee's reply, and the trial resulted in a verdict and judgment in favor of the appellee.

One of the grounds urged by appellants for a reversal is that they were not permitted by the trial court to assume the burden of proof or allowed the concluding argument to the jury. This contention cannot be sustained, for it appears from the bill of exceptions that, following the impanelling of the jury and statement of the case by counsel representing each of the parties, appellee was permitted, without objection from the appellants, to assume the burden of proof and introduce the whole of his evidence, after which appellants introduced their evidence, and not until all of the evidence was concluded did they claim to be entitled to the burden of proof. They did, however, then move the court to permit their counsel to make the closing argument to the jury, which motion the court overruled.

In Frey v. Mathias, 18 R. 913, this question was passed on. It was the contention of appellant in that case that as his answer was practically a plea of confession and avoidance, the trial court erred in refusing him the burden of proof and overruling his motion to be allowed the concluding argument to the jury. The bill of exceptions showed that after a statement of the case by the parties, and an examination of the pleadings by the court, it held that the burden was upon appellee, to which ruling of the court appellee at the time objected and excepted, but that appellant offered no

objection to the ruling, and by his silence presumably acquiesced therein. In rejecting the latter's contention that he was entitled to the closing argument, we, in the opinion, said:

"In accordance with the ruling of the court the appellee introduced his proof, and the case proceeded in accordance with such ruling. It was held by the Superior Court in the case of Cooper v. Toebe, 15 Ky. Law Rep. 844, that where the party upon whom the burden of proof rests permits the other party, without objection, to first introduce his evidence, he waives his right to the concluding argument to the jury; and it seems to us that this rule of procedure is a salutary one, as it would be very unjust for the court to decide that the burden of proof was upon a litigant and require him to make out his case, and then, after the proof was all in, to change the ruling and give the concluding argument to the other party.

The appellant, by his silence, acquiesced in the justness of the ruling adopted by the court, and he should not thereafter be allowed to take advantage of an error by which he had prospered."

We are willing to concede that the burden of proof was on the appellants in the instant case, and had the court been called upon to determine that question in advance of the introduction of any of the evidence, it doubtless would have so ruled; but no ruling was then requested of the court by appellants, and having by their silence acquiesced in the appellee's introduction first of his evidence, their motion, made after the conclusion of all the evidence, to be declared entitled to the burden of proof and be allowed the closing argument to the jury came too late. Had the court then granted to appellant's counsel the privilege of making the closing argument to the jury, it would have allowed them an advantage resulting from their own negligence, and to profit by an error of the court in not first adjudging them the burden of proof, which it was induced to commit by such negligence.

Appellants also insist that the trial court erred in refusing the peremptory instruction asked by them, directing a verdict in their behalf. This necessitates consideration of the evidence; and, without discussing it in detail, it is sufficient to say that that of appellee conduced to prove that the appellant, Jennie V. Long-

necker, was a partner in business with her former husband, John B. McClure, in the ownership of a store at a village in Fulton county, known as State Line; that she jointly with her husband conducted the business in the style of "J. B. McClure & Company," and held herself out to the community as a part owner thereof; that in addition to the interest she had in the store, she is the owner of some other property in her own right; that in acquiring the ownership of the store, about $1,000.00 in cash was paid by Mrs. Longnecker and McClure at the time of the purchase, and for the remainder of the purchase money they executed their joint notes, and shortly after their purchase of the store the $1,000.00, for which the note, of which the one in suit is a renewal, was executed, was borrowed by them of appellee for use in the business conducted in the store. This note contained the names of J. B. McClure and the appellant, Longnecker, as obligors, her name thereto having admittedly been written by her; and while the loan was negotiated by McClure, it was made by appellee with the understanding that the appellant, Mrs. Longnecker, was a joint principal with her husband in the note, and that the loan was made to them jointly as principals. From the time the store and goods at State Line were purchased by McClure and wife, down to the time of the renewal of the note, the appellant, Ferdie Maddox, her son by a former husband, stayed in the store and assisted in running the business. It further appeared from the appellee's evidence that a few months after the $1,000.00 was borrowed of him upon the note of McClure and wife, the former suddenly disappeared, and was reported to have died thereafter; that after his disappearance the business in the State Line store was continued by his wife, now Mrs. Longnecker, with the assistance of her son, Ferdie Maddox; and that on July 6, 1911, nearly a year after the disappearance of McClure, and while Mrs. Longnecker and Maddox were still conducting the business which had been abandoned by him, Maddox went to appellee and requested him to accept the note sued on signed by himself and his mother, in renewal of the one previously executed by the mother and McClure; that appellee granted the request, and Mrs. Longnecker and Maddox then executed the second note, at which time she paid the accrued interest on the original note; and

that she did not then or at any time before the institution of the suit claim to have been merely a surety on the first note. It is admitted by the appellants, and shown by all of the evidence in the case, that at the time of the renewal of the note by them, the stock of goods still remained in the storeroom at State Line, and that the business of the store was then being conducted by Mrs. Longnecker, with the assistance of her son; and in fact that the store and business were conducted by them until the marriage of Mrs. Longnecker with her present husband, Dr. Longnecker; and also that after the renewal of the note, the interest was paid by Mrs. Longnecker and Maddox thereon for two years. The only evidence introduced in appellant's behalf was furnished by their own testimony, which conduced to sustain the defense interposed by their answer, namely, that she was merely a surety in the note executed by herself and husband, McClure, to appellee, and that she received no part of the $1,000.00 obtained from appellee by its execution.

Ordinarily, the presumption will be indulged that the names of all persons appearing as obligors to a note, in the absence of some descriptive word or term showing a contrary intention, are principals, and this presumption may be strengthened or overthrown by the circumstances attending the execution of the note or the conduct of the parties themselves.

The facts and circumstances presented by the evidence of appellee to which we have referred, strongly tended to contradict and discredit their testimony.

It is manifest from what has been said of the evidence that the peremptory instruction asked by the appellants was properly refused. The conflicting evidence clearly made the case one that should have gone to the jury, whose duty it was to determine from the conflicting evidence whether Mrs. Longnecker's relation to the note was that of a principal or surety.

We have decided in numerous cases that a wife whose name appears with that of her husband on a note, even though below his, will be presumed, as in the case of any other obligor, to be a principal debtor, but that such presumption may be rebutted by parol proof of surrounding circumstances indicating the contrary. (Hart v. Bank of Russellville, 127 Ky. 424; Crumbaugh v. Postell, 20 R. 1366; Black v. McCarley's Admr. 31 R.

1198). There is another aspect of this case, finding considerable support from the evidence, that tends to fasten upon Mrs. Longnecker liability upon the note sued on; that is, that the $1,000.00 for which the original note was executed was not only borrowed for use in the business in which she and her husband were engaged, but was actually used therein. While this evidence was mainly circumstantial, it was properly permitted to be considered by the jury with all of the other evidence in the case; and if the money thus obtained was used in the business in which she had an interest, she would be liable to the appellee, regardless of whether in signing the note she only intended to bind herself as a surety. In Thomas v. Boston Banking Co., 157 Ky. 473, we held that under section 2128, Ky. Statutes, and such limitations as are therein contained, a married woman has the right to make contracts and bind her property therefor as if she were unmarried, and that if she receives money upon a note signed by herself and her husband, she is liable therefor, since it is really her contract and for her benefit. In that case a husband and wife jointly executed a note to a bank for $1,500.00 and used the proceeds thereof in part payment of the purchase money for a house and lot which was conveyed to the wife. We held the wife liable on the note, although she signed it as surety for her husband. If the doctrine announced in that case would, as therein held, make the wife, though she signed the note as surety, liable because the money went in part payment of what was owing upon a house and lot which had been conveyed to her, by a parity of reasoning she would be liable in a case where the money borrowed upon the note of herself and husband, though she signed it as surety, was used in the furtherance of a business which she and her husband were conducting as partners. In the last case, as in the first, she would be a beneficiary of the money procured through the execution of the note.

Appellants' complaint of the instructions that were given by the court in this case is without merit. The jury were advised by the instructions, in substance, that they should find for the appellee against the defendant, Mrs. J. V. Longnecker, the amount of the note sued on, with interest from December 5, 1913, unless they believed from the evidence that she signed the original note as

surety only, and received no part of the consideration for which it was executed; and that they should find for appellee against the defendant, Maddox, if they believed from the evidence that the original note was signed by his mother as principal, but if they believed from the evidence that she signed the original note as surety and this was not known to Maddox when the note sued on was signed by him and that she received no part of the proceeds thereof, they should find for Maddox. The instructions might have been more aptly expressed than in the form given, but, except for the fact that they were more favorable to Maddox than they should have been, it cannot be said that they did not properly present to the jury the law upon which appellants rested their defense.

On the whole case, we find no reason for holding that the verdict was not authorized by the evidence, or that the record discloses error in any ruling of the court that can be said to have been prejudicial to any substantial right of the appellants. Wherefore, the judgment is affirmed.