## Prater v. Hays Elkhorn Coal Company et al.

(Decided March 16, 1934.)

JOSEPH D. HARKINS for appellant.
JOHN C. HOPKINS for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Reversing.

The Hays Elkhorn Coal Company was organized about the year 1921, by the Hays family, consisting of Mrs. Flora Prater, Mrs. T. J. Chandler, and their brothers. After the company went to work, it needed $5,000, and Mrs. Prater lent the company this amount. Interest on the note accumulated, and on December 28, 1928, the note was renewed as follows:

"$8,284.76                    Prestonsburg, Kentucky

"December 28, 1929.

"Four months after date we promise to pay to the order of Flora Prater, Eight Thousand two hundred eighty four dollars & 76/100 dollars, at The Bank Josephine, Prestonsburg, Kentucky.
"Hays Elkhorn Coal Company,
"By T. J. Chandler,
"O. C. Hays, Sec. & Treas."
And is indorsed upon the back thereof by:
"Epy Hays
"A. L. Prater
"O. C. Hays
"T. J. Chandler."

On May 16, 1930, Mrs. Prater brought this action on the note against the Hays Elkhorn Coal Company, O. C. Hays, and T. J. Chandler. By their answer the

defendants alleged certain payments on the note, and in addition T. J. Chandler pleaded as a counterclaim the following note executed to him by Flora Prater and her husband, A. L. Prater:

"$2140.00                     Wayland, Ky., Feb. 21, 1928.

"One day after date I promise to pay to the order of T. J. Chandler, at the Bank of Wayland, Wayland, Kentucky, Two Thousand One Hundred and Forty Dollars, without defalcation for value received.

"[Signed] Flora Prater
"A. L. Prater."

Also the following note:

"May 9, 1925.

"One day after date we or either of us promise to pay to the order of T. J. Chandler, Four Thousand four hundred and five dollars.

"[Signed]    Hays Elkhorn Coal Co.
"By T. J. Chandler, Pres.
"A. L. Prater
"Dan Prater
"Flora Prater."

He alleged that both of these notes were unpaid and prayed judgment thereon against Mrs. Prater. By her reply she pleaded, in substance, that she was a married woman, and that both the above notes were executed for the debts of the Wells Elkhorn Coal Company and that she was only a surety therein. The issues were made up. On the trial before a jury the court refused to give a peremptory instruction to the jury to find for the plaintiff, to which they excepted; the court then gave instructions asked by the plaintiff and refused all the instructions asked by the defendant. The jury returned a verdict for the defendants in a sum of $1,754.79. The court refused a new trial, and the plaintiff appeals.

1. As to the note for $2,140, Mrs. Prater admitted signing the note and said that Dr. Chandler said, "Here, sign this note, I will get the money and pay the royalty down here if I can discount it at the bank and if I can't discount it I will bring it back and tear it up." He said that they owed Hoosh Martin royalty and got her to sign the note to pay the royalty which the company

owed. She was not bound for that in any way, and did not owe Dr. Chandler anything. She was a married woman, and executed no deed or mortgage to secure the note.

On the other hand, Dr. Chandler testified that at the time the company went broke Hoosh Martin had brought a suit for royalty and had a judgment for $2,140 on the property, but no sale had been made. He told them they would have to get a note and present it in court for security. After he got the note, Martin sold certain property of the company for $695. He paid, personally, to Martin the rest of his debt, and credited the note by $695. This credit was on the note when it was produced. On this testimony the court gave the jury this instruction asked by the plaintiff:

> "The court instructs the jury to find for the defendant, T. J. Chandler, as a credit upon the amounts mentioned and set out in Instruction No. 1 herein the sum of $1445.00, with interest thereon from the 21st day of February, 1928, until paid, [being the amount shown to have been paid by the said T. J. Chandler on the note for $2140.00 bearing date February 21, 1928]; Provided however, if the jury shall find from the evidence therein, that at the time of the execution and delivery of said note the said Flora Prater was a married woman and that said note was executed for the purpose of answering for a debt of the Hays Elkhorn Coal Company, and that the estate of the said Flora Prater had not been set apart for that purpose by deed or mortgage, or other conveyance, then the jury will find for the plaintiff upon this item."

Mrs. Prater was not the security of any one on the note for $2,140. Admittedly this note was simply given to raise that amount of money to pay a judgment against the coal company. She was a stockholder in that company and interested in maintaining it. The note was signed only by her and her husband, and it was simply an effort on their part to raise money to pay off the judgment so as to protect the property of the coal company from sacrifice. In Scott v. First National Bank, 221 Ky. 297, 298 S. W. 949, 950, Mrs. Scott signed the note to the bank in order to enable the company to go on with its business. Affirming the judgment against the married woman, the court said:

"When the opportunities and responsibilities of business life were bestowed upon married women, it was thought that in their inexperience they would be particularly susceptible to such pleas and especially so when the one seeking assistance was the husband or a member of the family. It was believed that to require the surety's property to be placed in lien for the payment of the debt would cause such an one to hesitate and consider the matter before taking such action, and for their protection the act invalidates the suretyship unless this is done. This act has been given a liberal construction by the courts who do not permit its beneficient purpose to be frustrated by any subterfuge or artifice. And, whenever it appears that the real purpose of the transaction is to secure the debt of another, the statute is applied, regardless of the form of the paper which is executed. But, aside from this and some other exceptions not in point here, the statute recognizes the right of a married woman to borrow and loan money and to transact business generally, and, if she suffers in so doing, she must abide the consequences."

To the same effect is the case of Smith v. First National Bank of Pikeville, 243 Ky. 716, 49 S. W. (2d) 538.

Under these authorities the wife was properly held bound on this note. For though the note was not placed in bank, as she said the agreement was, Dr. Chandler did furnish the money and pay off the debt against the coal company and so enable it to go on with its business. This was not a material variation from the agreement she states he made with her.

2. As to the note for $4,405: Mrs. Prater testified that she did not sign this note and did not know anything about it. Dr. Chandler testified to it as follows:

"The stockholders mentioned in the Hays Elkhorn Coal Company, I think, had spent $3,000. The coal business was bad; we had borrowed $5,000 from Mrs. Prater in the opening and development of the mines, general improvements and the mine was still going bad. We still owed money. We owed the Emmons Hawkins Hardware Company about $1,100.00. They were going to sell the mine; the coal business was all in, entirely hopeless at that time and I went to Flora Prater and talked to her about the indebtedness, and she said to go and pay it off

and they would stand their part of it; that they would reimburse me. The interest and all I paid off for them amounted to $4,405.00, so they gave me their note for it. A. L. Prater [Dan Prater] and myself signed it together, Flora being a woman wasn't present at the meeting at this time, and she told me she would sign it and I took it in person to her, and she signed the note in my presence and at the time she said she might be signing away her home.''

There was other evidence that the signature of Mrs. Prater to the note was genuine. She testified that she did not have any conversation with Dr. Chandler about his paying the debts of the company or make any agreement with him on the subject or execute or agree to execute a note to him. On this proof the court told the jury that, if they believed from the evidence that she signed the note, they should find for the defendants on this item, adding thereto an instruction the same as that above quoted as to her defense of coverture, and telling the jury that, if they so believed, they should find for her on this note.

The debts, for which the note was given, were all the debts of the Hays Elkhorn Coal Company. Mrs. Prater was in no way liable for them. The Hays Elkhorn Coal Company is not only the first signature on the note, but, as clearly shown by the evidence, was the real debtor, and the other signers were simply guarantors of the debt of the coal company. It is clear from the evidence that, if the company had weathered its difficulties and had the means to pay this note, none of the other signers would have been called upon to pay anything on it. The note which the parties executed to evidence that transaction is the best evidence of the agreement between them, and under this paper Mrs. Prater was simply a surety for the coal company. The court as to this item, under the evidence, should have instructed the jury to find in favor of Mrs. Prater. Bank of St. Helens v. Mann's Executor, 226 Ky. 381, 11 S. W. (2d) 144.

Judgment reversed, and cause remanded for a new trial.