## Brown v. Blanton, Director of Division of Motor Transportation, et al.

May 2, 1944.

Woodward, Dawson & Hobson and Franklin P. Hays for appellant.

Hubert Meredith, Attorney General, and Jesse K. Lewis, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Affirming.

In this action the appellant sought a declaration of rights as to whether he was a contract carrier subject to weight taxes under the Motor Vehicle Act and injunctive relief against imposition of the tax. It was adjudged that he was a contract carrier, subject to the tax, and the relief was accordingly denied. He appeals.

The appellant, a saw mill operator, entered into two contracts with Bond Brothers, a corporation, for the cutting and manufacturing into lumber of two tracts of timber. One contract was fully performed prior to the effective date of the Acts of 1942. The other was performed after that date. The timber was to be manufactured into lumber and delivered to designated points, the appellant being free to use any method of transportation. The finished lumber was actually transported by motor truck to the delivery point. No special consideration was stipulated for transportation but approximately 15% to 20% of the contract price represented transportation costs. The appellant is only a saw mill operator and transportation of lumber is merely a component part of his business. He transports no property for anyone other than Bond Brothers, has no statement of charges for transportation and does not file a statement of such charges with any agency of the state.

By virtue of Section 2739J-94, KS and KRS 281.020, certain phases of transportation by motor vehicle are exempt from the weight taxes imposed by KRS 281.480. The two sections are mentioned for the reason that when KS 2739J-94 was amended by Chapter 185 of the Acts of 1942, there was a considerable change in verbiage and the present controversy is affected by both sections, since one of the contracts was performed before and the other after the effective date of the 1942 Act. However, since the statute as it appears in KRS 281.020 is more susceptible to the construction advanced by the appellant, we will approach the question as if both contracts had been performed subsequent to the effective date of the 1942 Act. In KRS 281.020 it is provided that there shall be exempt from the weight tax,

"Motor vehicles being used exclusively for the transportation of agricultural and dairy products from the farm, market, gin, warehouse, dairy or mill, regardless of the ownership of the vehicle, so long as the title of the goods transported remains in the producer. As

used in this subsection, the word 'producer' includes a landlord where the relation of landlord and tenant or landlord and cropper is involved, and the phrase 'agricultural products' includes fruit, livestock, meats, fertilizer, wood, lumber, cotton, naval stores, products of grove or orchard, poultry and eggs.''

It is the contention of the appellant that he comes within the exemption because he was engaged in transporting lumber from a mill for the producer of the lumber, in whom the title to the lumber remained during the transportation. The appellee insist that Bond Brothers, for whom the transportation was effected, was not the producer of the lumber within the meaning of the statute. If this latter contention, the one adopted by the trial court, be correct, then the transportation by appellant was not exempt since the exemption applies only ''so long as the title of the goods transported remains in the producer.''

The allegations of the petition are not sufficient to establish that Bond Brothers was the producer of the transported lumber within the meaning of the statute. There is no allegation that Bond Brothers owned the land on which the timber was grown or produced and no allegation of any fact showing production by that company. The allegation in this respect is merely that Bond Brothers owned the timber. This allegation, construed most strongly against the pleader in accordance with the well-settled rule, is one that Bond Brothers had purchased or acquired the timber from the producer. The manufacture of the timber into lumber did not constitute Bond Brothers a producer of agricultural or dairy products. The statute exempts only producers of such products, not purchasers thereof of one who converts them into finished products by some manufacturing process. In Priest v. State Tax Commission, 258 Ky. 391, 80 S. W. (2d) 43, we held unconstitutional a statute purporting to exempt a carrier when the transpotion may not have been for the benefit of the producer or farmer but for the benefit of another, perhaps a purchaser.

For aught that appears in the petition, Bond Brothers may be only a lumber dealer and it is apparent that there was no purpose behind the exempting statute to permit taxless transportation over the highways of the manufactured product of such a dealer—its purpose was

only to benefit the actual producer of farm and dairy products. We think the trial court correctly held that Bond Brothers was not a producer of the lumber within the terms of the statute.

It is also contended for the appellant that he was not a contract carrier and therefore not subject to the weight tax imposed by KRS 281.480 on "every common carrier and every contract carrier primarily engaged in transporting property for hire."

KRS 281.010 defines a contract carrier thus:

" 'Contract carrier' means any person who, under individual contracts or agreements, engages in the transportation (other than as common carrier) by motor vehicle of passengers or property for hire."

It is insisted that the appellant was not a contract carrier because his contracts only required him to deliver the lumber at a particular place, no particular method of transportation being specified and, consequently, he could deliver the lumber by any form of transportation he chose. We see little merit in this argument since he was actually paid under his contract for motor transportation of the lumber over the highways of the state. Next, it is pointed out that no special compensation for transportation was stipulated in the contracts. This we regard as immaterial, since 15% to 20% of the contract price was actually for transportation, whether stipulated or not. We do not regard it as essential, to bring one under the statute, that a specific price or consideration for the transportation be stipulated or agreed upon.

It is also insisted that the appellant was not a contract carrier because he was not "primarily engaged in transporting property for hire" and the statute imposes the tax only on contract carriers thus engaged. We think, however, he was "primarily engaged in transporting property for hire" within the meaning of the statute. The transportation of the lumber was a substantial part of his business, as substantial and important as the logging or sawing end—the transportation branch of the business was not a mere incident (although so alleged as a conclusion) and the appellant was as primarily engaged in transportation as he was in the other features of his business. It is not to be thought that by combining a transportation business with another industry one may escape the tax imposed on transportation for hire.

We think the trial court correctly adjudged that the appellant was a contract carrier subject to the weight tax.

Affirmed.