## Crook v. Cochran et al.

October 22, 1946.

S. D. Hodge for appellant.

C. A. Pepper for appellees.

Opinion of the Court by Van Sant, Commissioner —Affirming.

The action was instituted by appellees, T. H. Cochran and T. C. Cochran, doing business under the firm name of T. H. Cochran & Company, against appellant, to

recover the proceeds of a check in the principal sum of $775 allegedly executed and delivered to appellees by appellant, through her husband and agent, S. L. Crook. In the second numbered paragraph of the answer, appellant attempted to plead that her agent signed the check as surety for a firm of which he is the President and General Manager and she the Secretary and Treasurer; and that, being a married woman, and not having mortgaged or otherwise conveyed any of her estate to secure the payment of the debt, as provided in KRS 404.010, she may not be charged with any liability in respect to the transaction. The Trial Judge sustained a demurrer to this paragraph of the answer, and the correctness of this ruling is the sole question presented on this appeal.

Whilst the style of the firm, viz., S. L. Crook Corporation, would lead one to surmise that it was, in fact, at some time a duly organized corporation, appellant failed to allege this or the necessary and additional fact that it was in existence at the time she allegedly became its surety. Construing the pleading, as we must, most strongly against the pleader, Brown v. Blanton, etc., 297 Ky. 389, 180 S. W. 2d 288, the firm for which appellant alleged she signed as surety is a mere partnership conducted by her and her husband. If that be true, she would be liable for the debt of the partnership; consequently, the plea of suretyship must fail, because one may not become surety for himself. Longnecker et al. v. Bondurant, 173 Ky. 427, 191 S. W. 286.

The judgment is affirmed.