## Hill et al. v. Kesselring et al.

April 22, 1949.

As Modified on Denial of Rehearing June 10, 1949.

484

J. W. Jones for appellants,

Sam Steinfeld, Lawrence Duncan, Ogden, Galphin & Abell and Middleton, Seelbach, Wolford, Willis & Cochran for appellees.

Opinion of the Court by Stanley, Commissioner— Reversing.

The judgment affirms an order of the Louisville and Jefferson County Planning and Zoning Commission granting a permit for a "special use" of an area in an "A-1 Residential" zone. The application and plan submitted to the commission by the Broadway Baptist Church is for the erection of a church with appurtenances which include parking facilities, tennis courts and a soft ball diamond. A number of property owners, while welcoming the church in their neighborhood, objected to the permit on grounds presently appearing. The commission disapproved use of the property for the soft ball field and provided that there should be no "night lighting" for any of the recreational features. It found

that "ample reservation has been made for off-street parking" and that the granting of the permit "would not be adverse to the health, safety, morals and general welfare of the surrounding neighborhood." On an appeal by the protestants the circuit court modified the order of the commission "to the extent that in the development and the use of the property * * * the church shall provide adequate off-street parking facilities available to those persons who may make use of the property." Otherwise, the finding of the commission and the granting of the permit were approved. The protestants bring an appeal from that judgment.

The points are: (1) the trial court should have vacated the bench, (2) the court should have heard evidence on the question of the adequacy of the off-street parking facilities, but if the unusual method of trial be deemed proper, then the unfavorable judgment was not authorized, and (3) the court was without power to modify the order of the commission but should have either approved it or remanded the case to the commission that it might determine the fact of adequacy of the facilities and with directions to provide "necessary safeguards" for the protection of "surrounding property, persons and neighborhood values" with respect to the location of the tennis courts and driveways on the grounds.

The circuit judge, the Honorable B. H. Farnsley, is the father of the Mayor of Louisville who, by virtue of his office, is a member of the commission and as such is a party defendant in the action. In their motion the appellants affirmatively expressed their high regard for the judge's personal and judicial integrity, but stated that because of the close relationship they felt that he might be "unconsciously and unintentionally influenced in the trial."

Though without specific provision in our Constitution or statutes, we recognize the salutary principle of justice that a judge is disqualified where a party to the action is closely related to him. Petrey v. Holliday, 178 Ky. 410, 199 S. W. 67; Bradley v. Commonwealth, 218 Ky. 675, 291 S. W. 1047; Allen v. Bach, 233 Ky. 501, 26 S. W. 2d 43; Commonwealth by Cooper v. Howard, 267 Ky. 287, 102 S. W. 2d 18. But the general conception

is that in a civil case the person to whom the judge is related must as a party have a direct or pecuniary interest in the subject matter or the result of the trial, and a mere indirect or uncertain interest is not sufficient. Whether a public officer who is party to the action as such is interested depends upon the circumstances and nature of the case. If it be a proceeding in rem and without personal interest, kinship of the presiding judge is not enough to afford the presumption of beneficial concern for one side or a prejudicial attitude toward the other. 48 C. J. S., Judges, sec. 85. A case may arise in which the personal prestige or political fortunes of the public officer may be so involved that the tie of kinship would disqualify the judge. But the present proceeding involved no personal or political interest. It is said in the brief that Mayor Farnsley has not been active in the affairs of the Zoning Commission and that he was without official knowledge of this proceeding and took no part in it. It is essentially a proceeding in rem, Combs v. Combs, 249 Ky. 155, 60 S. W. 2d 368, 89 A. L. R. 1095, with which the mayor is not personally concerned. We do not think overruling the motion that the judge vacate the bench was an error.

We have an irregular record for review of a strange and curious trial. The permit granted by the commission was upon a regulation, but there is no copy of that regulation in the record. The whole controversy comes from a plan and a plat of landscape gardeners, but there is no copy of it in the record. Purported copies of these documents are appended to the appellants' brief. In short, in the colorful language of one of our brethren, they have just been "wheelbarrowed into court." Pursuing the same unconventional course of trial, we will accept them as authentic in the absence of a challenge or objection.

The pleadings in the appeal to the circuit court are in due form, but the bill of exceptions is nothing more than a transcript of extended statements, colloquies and arguments of the judge and several lawyers. The judgment of the court was based upon this record. We may only suppose that the plan upon which the case turns was before the court. It does not appear to have been filed. The personal knowledge of the court and lawyers

of the situation seems to have entered into the discussion and the decision. We have no such knowledge. It is said in this bill of exceptions that another case of William J. Griffin was being heard with this one. His attorney was an active participant until he became satisfied by the court and counsel for the church agreeing with him that the character of Olympic Avenue (to which we shall presently refer) would not be determined in the case but be left to an injunction suit which Griffin purposed to file.

The purported regulation of the Zoning Commission provides in substance that certain specified uses of property "when found to be in the interest of the public health, safety, morals or general welfare of the community may be permitted in any district." Among the listed "special uses" is that of a church. Before granting such a permit the commission considers "preliminary plans in sufficient detail and a statement as to the proposed use" of the property. If the commission concludes that any such use will not adversely affect "the public health, safety, morals and general welfare" of the surrounding territory and that "ample off-street parking facilities will be provided and that necessary safeguards will be provided for the protection of surrounding property, persons and neighborhood values," the permit will be granted.

For many decades the Broadway Baptist Church was located in downtown Louisville. The encroachment of business and the removal of many members from the vicinity made it desirable to locate elsewhere. The church acquired a parcel of about eight acres in the northeast suburbs of the city. It has a frontage of 725 feet on the south side of Brownsboro Road, which is now designated as U. S. Highway No. 42. Property in the neighborhood has been developed as a high-class residential district. The appellants' property is adjacent on the west to Olympic Avenue. It runs from Chenoweth Lane for a distance of about 600 feet to a dead end at the boundary line of the church property. The appellants have paved and improved the street to a width of 20 feet at their own expense. The plan of the proposed use of the church property shows the principal access by cars to be from the present dead end of Olym-

pic Avenue. The parking spaces within the grounds lead from this entrance. In the statements before the court there was no denial that the avenue would carry the traffic under the proposed plan. It was claimed by the church, however, that this was only a preliminary plan and did not bind anybody. Perhaps so. But it was the evidence upon which the commission granted the special use permit.

The statement of appeal to the court challenges the action of the commission as invalid as unreasonable and arbitrary and because the proposed use of the property does not meet the specific terms of the regulation quoted above. In an amended answer the church stated that Olympic Avenue was a publicly dedicated street, and pleaded that if the church should be denied free access to its property over that avenue, such denial would constitute a taking of its property without due process of law. This was traversed. Issues were particularly raised on the allegations of the appellants as to the adequacy of the off-street parking facilities. All of these issues were discussed before and by the court, but no evidence was offered or permitted on them. As we have said, it was agreed by the court and counsel in another and independent action that the character and nature of Olympic Avenue were not involved. But from the beginning to the end these appellants' attorney had clearly and respectfully insisted that it was. Their main points were that the off-street parking arrangement was inadequate, first, because the avenue was a private way and could not be opened to give access to the church grounds as planned, and secondly, if it could be opened, the facilities provided by the plan were inadequate and would necessitate the use of the avenue for parking purposes, and a traffic hazard created.

Finally, after some two hours of debate and an intervening period of adjournment, though the appellants were asking that evidence be heard, the defendants tendered a judgment. Over the plaintiffs' objection, the court ordered it entered. They excepted to the ruling. The judgment affirmed the order of the Planning and Zoning Commission, except that the court modified it to the extent that in the development and the use of the property the church "shall provide adequate off-street

parking facilities available to those persons who may make use of the property.'' It was further stated that, since the court was of opinion that it had no jurisdiction to determine any question with respect to the use of Olympic Avenue, no question in relation thereto had been considered and that the judgment should have no effect on the rights of any party to this proceeding with respect to the use of Olympic Avenue.

We think the court was in error in holding that the right of the public to use Olympic Avenue was not involved in this case. The church claimed the right of access and the protestants denied it. Upon the very necessity of use of the street as proposed rests the claims of the appellants of the inadequacy of off-street parking facilities and the detriment to their property through the hazards of traffic on the narrow street, now being used in part as a playground by their children. While collateral to the question of whether the action of the Planning and Zoning Commission should be affirmed or disapproved, the right of the public to use the street is a prime factor which must enter into the decision. If it should be determined that it is a private way or court, restricted to serving only the appellants' property located on it, then the plan approved by the commission would seem to afford only limited access to the area set aside and platted for off-street parking of automobiles. If the avenue can be opened up as a public thoroughfare, the questions of traffic hazards and possible parking on the street will be presented. We think the court should have required Jefferson County to be made a party, since it seems to be concerned, and have decided the question.

There is also in the case the issue of adequacy of the provisions for off-street parking, which is one of the fixed conditions to granting a permit for ''special use,'' or as an exception to the established zoning ordinance.

The issue as to the use of the property in part for semi-public tennis courts seems to have been lost sight of by everybody except counsel for the appellants, who insisted on his point throughout the hearing. However, the court may have deemed the establishment of the playground as not affording sufficient reasons for setting aside the permit of the commission.

We recognize the power of a court to decide a case upon statements of counsel where they clearly and definitely disclose no cause of action or no defense, or admit facts the existence of which precludes a recovery by their clients. It is a practical and common sense disposition where if the evidence were introduced it would necessarily be the same. But the practice is a dangerous one and the power of the court should be exercised with caution. A party is not to be made the victim of some inadvertent or ambiguous or merely inconsistent statement of his counsel. Such peremptory action should not be taken unless the statements or concessions are plainly and understandingly made. Like the giving of a peremptory instruction on evidence the court must consider as in all respects true every fact stated or fairly to be inferred, without taking anything against the party making the statement. Falls City Plumbing Supply Co. v. Jake's Foundry Co., 223 Ky. 420, 3 S. W. 2d 1071; Carter v. Aetna Life Ins. Co., 272 Ky. 392, 114 S. W. 2d 496; Payne v. Louisville R. Co., 294 Ky. 160, 171 S. W. 2d 253; 53 Am. Jur., Trial, secs. 382-384.

The statements and arguments of counsel for the appellants in this case are far removed from any concession that would authorize the judgment against them. We find no stipulation or agreement that would put them out of court as a matter of law. Their counsel consistently stated and maintained that Olympic Avenue was not a public way, that a hazard of traffic would be created, that the space reserved for parking is entirely inadequate, and that the permitted use of the property as proposed would result in depreciation in value of his clients' property in certain amounts and respects. We are of opinion that the court should have heard evidence upon these sharp issues and rendered judgment accordingly.

Ordinarily the whole plan of a proposed use is inseparable, but in this case there was no objection by the protestants to the erection of the church and other appurtenant buildings so long as Olympic Avenue is not used as an entrance. It is made manifest that the parcel of ground will afford sufficient space for off-street parking and the avoidance of traffic hazards about which the protestants complain. It is a matter of satis-

factory arrangement. And the recreational facilities are collateral and independent and may be considered separately. It appears that the exigencies of the situation justify an affirmance of the judgment insofar as it approved the action of the zoning commission in granting the special use permit as it relates to the erection of the buildings. If the court after a trial deems the action of the zoning commission in granting the special use permit on the plan submitted to it was an abuse of discretion in respect to the features about which protest was made, the case should be remanded to the commission for further consideration. This has reference to traffic hazards, off-street parking and the recreational facilities. The commission has the power to require proper and suitable arrangements, which in the present case we have no doubt can be made.

The judgment is reversed for consistent proceedings.