## ALFORD v. RODGERS.

Court of Appeals of Kentucky.

Dec. 4, 1953.

Wallace & Hopson, Louisville, for appellant.

Hardy & Logan, Louisville, for appellee.

STANLEY, Commissioner.

The question is whether the appellant, Mrs. Virginia Noe Alford, signed notes aggregating around $5,000 as a principal or as surety for her husband. The trial court without a jury held the appellant liable as a joint principal.

The appellee, Mrs. Sallie G. Rodgers, as transferee, sued M. C. Alford and his wife, the appellant, on the notes, which were payable to Rodgers & Rodgers, Incorporated, the transferor. Default judgment was rendered against Alford.

The notes were given as part compensation for platting a parcel of land as a subdivision to Louisville. The contract of employment of the engineers had been made by Alford alone. He testified that at Rodgers' request he had asked his wife to sign the notes, and they both testified that she did so merely because he asked her to sign them, and that it was done without explanation and was without any benefit to her whatever.

Alford and A. L. Noe had contracted to purchase the parcel of land from V. V. Cooke, but Noe withdrew from the venture and the property was deeded to Alford and his wife, by name, "for their joint lives with remainder in fee simple to the survivor of them." Alford testified that because a purchase money lien of $60,000 was retained, the grantor had required his wife's name to be put in the deed, and that Mrs. Alford knew nothing about it.

It is legally presumed that all persons signing a note do so as principals in the absence of a word or term indicating a contrary status. Longnecker v. Bondurant, 173 Ky. 427, 191 S.W. 286. So the burden is upon a married woman seeking relief from liability as an obligor on an instrument on the ground that she had signed it as a surety, KRS 404.010(2), to establish such as a fact and thereby overcome the presumption that she was a principal or primarily liable. Evans' Adm'r v. Evans, 304 Ky. 28, 199 S.W.2d 734. And in determining the question, the court will look through the form to the substance of the transaction and will countenance no subterfuge or evasion, whether it was a scheme by which the married woman became in fact a surety under the guise of having her appear as a principal, or, on the other hand, whether she is in fact a principal obligor. Cawood v. Madison Southern National Bank & Trust Co., 251 Ky. 637, 65 S.W.2d 734.

Receipt of a consideration for becoming a surety does not prevent a married woman from claiming immunity from liability. Bank of St. Helens v. Mann's Ex'r, 226 Ky. 381, 11 S.W.2d 144. But it is different if she received in person, or for the benefit of her separate interest in jointly owned property, the consideration upon which the execution of the notes depended. Third National Bank of Louisville v. Tierney, 128 Ky. 836, 110 S.W. 293, 33 Ky.Law Rep. 418, 18 L.R.A.,N.S., 81. In Thomas v. Boston Banking Co., 157 Ky. 473, 163 S.W. 480, a wife had nothing to do with negotiating a loan from the bank and signed her husband's note as his surety, as she understood and as the bank's records indicated. The proceeds were placed to the credit of the husband. He used the fund to pay for property which was conveyed to his wife. The opinion states the purpose of the statute exonerating a married woman from liability as surety on an obligation, or to answer for the debt of another person, is not to exempt her from liability if she received the consideration for which his note was executed or to relieve her of her own contracts or obligations. Mrs. Thomas was held liable on the note because she received the consideration. And in Longnecker v. Bondurant, 173 Ky. 427, 191 S.W. 286, following the Thomas case, it was held that where the proceeds of a note were used in business in which the wife and her husband were engaged, or in which she had an interest, the wife was liable· regardless of whether she intended to bind herself only as a surety. See also Prater v. Hays Elkhorn Coal Co., 253 Ky. 713, 70 S.W.2d 378; Redmond v. First National Bank, 256 Ky. 659, 76 S.W. 2d 933.

In the present case, the conveyance of the property in relation to which the work was done for which the notes were executed was to the wife and husband as tenants by entirety, an indivisible estate in both and the survivor which neither could destroy by separate act and in which each of them had a present interest subject to his or her debt. Hoffmann v. Newell, 249 Ky. 270, 60 S.W.2d 607, 89 A.L.R. 489. The explanation or reason why the title to the property was thus placed was not strong enough to overcome the recorded fact of title. We suppose that if there had been a test of title, Mrs. Alford's interest in the property would have been sustained under the circumstances described.

She was the holder of joint title and had knowledge that the land was to be and had been platted by the payee in the notes subsequently given for she signed the recorded plat and the dedications to public use shown thereon. Though she

did not personally employ the firm of engineers, quite certainly her husband in doing so had the implied authority as her agent to bind her. A married woman's liability under a contract may, of course, arise through her husband as her agent. Oliver v. Noe, 232 Ky. 809, 24 S.W.2d 592. The testimony that Mrs. Alford did not receive any benefit from the services seems to rest on the idea that she had no interest in the property or that its development was a losing venture. The former is an erroneous conception and the latter wholly immaterial. Having received the benefit of the consideration for the notes, Mrs. Alford must be regarded as a principal and primary obligor. She could not be a surety for herself. Crook v. Cochran, 303 Ky. 127, 197 S.W.2d 92.

Accordingly, the judgment is affirmed.