**RACO CORPORATION, Appellant,**

**v.**

**Hilda Louise EDWARDS, Appellee.**

Court of Appeals of Kentucky.

Oct. 22, 1954.

346

Hughett, Hughett & Hughett, Louisville, for appellant.

Hardy & Hardy, Louisville, for appellee.

SIMS, Justice.

Appellant, Raco Corporation, sued appellee, Hilda Louise Edwards, and her husband, William H. Edwards, Jr., on a past due note for $3,586 they had executed to it. The husband made no defense but the wife filed an answer in which she pleaded the note was executed without consideration and further pleaded she signed as surety and was not bound under KRS 404.010(2); which averments were denied in appellant's reply.

Immediately after counsel for appellant made the opening statement to the jury the court on its own motion directed a verdict against the husband for the amount sued for but directed a verdict in favor of the wife. It is the contention of appellant there was nothing contained in the opening statement which justified the court in directing a verdict in favor of the wife.

We take from the bill of exceptions the entire opening statement of counsel for appellant:

"A jury having been empanelled herein, counsel for plaintiff made the opening statement to the Jury, which is in substance as follows: that the defendant, Hilda Louise Edwards was an officer, stockholder and director of the Pittsburg Gas Heating Company at the time she signed the note in question and as such she signed in that capacity instead of as the wife of the defendant, William H. Edwards, Jr., as co-maker with her on the note; and in doing so she assumed a personal obligation to protect her interests. Counsel made the further statement that the Pittsburg Gas Heating Company, who had had considerable dealings with the plaintiff, Raco Corporation, over a period of time, became heavily indebted to that company, by reason of said dealings. Raco Corporation made demand for its money, which was past due. Negotiations were had between Raco Corporation, and the two defendants, as a result of which an agreement was reached whereby the note in question was given for the purpose of forestalling action by Raco Corporation for the collection of its debt; and for the further purpose of prevailing on Raco Corporation to grant them a further credit and make shipment of its products to Pittsburg Gas Heating Company in order that said company might continue to op-

erate its business; that as a result of these negotiations and agreement, and in consideration of the execution of the note by William H. Edwards, Jr., and Hilda Louise Edwards, no suit was filed by Raco Corporation and it did continue to make further shipments to Pittsburg Gas Heating Company which enabled it to continue with its projects instead of having to abandon them. In conclusion, counsel for plaintiff insisted that Hilda Louise Edwards did not sign as surety, nor as a married woman, but as a primary party. At the conclusion of the opening statement of counsel for the plaintiff, the Court on its own motion peremptorily instructed the jury, and the jury in obedience to said peremptory instructions arrived at the following verdict, to-wit: (Here followed verdict against the husband and in favor of the wife)."

■ While a court has authority to decide a case upon the opening statements of counsel where such clearly show no cause of action or no defense, or admit facts the existence of which preclude a recovery or a defense, yet the practice is a dangerous one and should be exercised with caution. As we said in Hill v. Kesselring, 310 Ky. 483, 220 S.W.2d 858, 862, 10 A.L.R. 2d 1301, "A party is not to be made the victim of some inadvertent or ambiguous or merely inconsistent statement of his counsel."

True, in the opening statement of counsel for appellant it was said appellee signed the note to pay a debt the Pittsburg Gas Heating Company owed it. But it was further said in that statement the appellee was an officer, stockhoder and director in the company and she signed the note to protect her interest and to prevail upon appellant "to grant them further credit * * * in order to continue in business; * * * that she did not sign as surety, nor as a married woman but as a primary party".

■ Patently, the opening statement of appellant's counsel contained no facts which precluded appellant from a recovery, hence the court erred in directing a verdict

for appellee at the conclusion thereof and should have heard the proof.

■ The general rule is that a married woman who joins in the execution of a note for the benefit of a corporation in which she is a stockholder is liable primarily. 41 C.J.S., Husband and Wife, § 188, p. 678; Prater v. Hays Elkhorn Coal Co., 253 Ky. 713, 70 S.W.2d 378; Scott v. First National Bank, 221 Ky. 297, 298 S.W. 949; Simmerman v. National Deposit Bank of Owensboro, 232 Ky. 844, 24 S.W.2d 912; Longnecker v. Bondurant, 173 Ky. 427, 191 S.W. 286; Redmon v. First National Bank of Paris, 256 Ky. 659, 76 S.W.2d 933; Tompkins v. Triplett, 110 Ky. 824, 62 S.W. 1021, and Smith v. First National Bank of Pikeville, 243 Ky. 716, 49 S.W.2d 538.

Appellee attempts to distinguish the instant case from these authorities on the ground that in all of them there was, a present or future consideration, while in the case at bar she executed a note for her company for a debt which was past due. In the Prater case, above cited, the wife signed the note with her husband to raise money to pay off a judgment against a corporation in which she was a stockholder, and there we held as she did this to protect her own interest in the corporation she was bound primarily. In all the other authorities just cited it appears there was a present consideration for the wife signing. However, it will be noticed in the opening statement in the case at bar it was said appellee signed the note so appellant would "grant them further credit in order to continue in business". This shows a present consideration and brings the case here clearly within the rule stated in the above cited authorities.

There are other questions discussed in briefs which we do not deem necessary to pass upon at this time in view of the fact that the trial judge erred in directing a verdict for appellee following the opening statement of appellant's counsel, and such questions are specifically reserved.

The judgment is reversed for proceedings consistent with this opinion.