CO–DE COAL COMPANY et al., Appellants,

v.

Jacon COMBS, Appellee.

Court of Appeals of Kentucky.

June 5, 1959.

Barney W. Baker, Duff Arnett, Hazard, for appellant.

Scott E. Duff, Hazard, for appellee.

STANLEY, Commissioner.

The complaint of Jacon Combs charged that by the joint wrong of Co-De Coal Company and Old Kentucky Coal Compa-

ny, both Kentucky corporations, rock and debris had been cast upon his premises and damaged buildings thereon. A verdict was returned in favor of the plaintiff for $500, one-half of which was assessed against each defendant. A motion for an appeal has been filed seeking a reversal of the judgment. KRS 21.080.

The plaintiff had ample proof that someone, in building a road on a much higher level of land, had caused rock and debris to be thrown or permitted to roll down the mountain and damage his property. At the conclusion of the plaintiff's evidence, the defendants moved for a directed verdict upon the ground that neither of them had been identified as being the responsible party. The court ruled "that the opening statement of the attorney for the plaintiff to the jury was sufficient to cause him to overrule" the motion. The defendants declined to introduce any evidence.

The case was submitted to the jury under instructions predicating the duty of the jury to return a verdict for the plaintiff if they should "believe from the evidence" that the defendants or either of them had caused the damage. No converse or "unless" instruction was given.

An opening statement of counsel is prefatory to introducing evidence. Its purpose or function is merely to inform the judge and the jury in a general way of the nature of the case and the issues involved, particularly to outline what the attorney's client expects to prove. It is true that the court may take a case from a jury or enter judgment where it is clear from an opening statement either that the plaintiff cannot recover or that the defendant has no defense, as the case may be. This regards the statement as a judicial admission of the nonexistence of or inability to prove a cause of action or a defense, but even in such a case the action of the court should be exercised cautiously and only where the admission is clear. Hill v. Kesselring, 310 Ky. 483, 220 S.W.2d 858, 10 A.L.R.2d 1301; Raco Corporation

v. Edwards, Ky., 272 S.W.2d 345. But an opening statement cannot be regarded as evidence or a substitute for evidence unless it is agreed that it may be taken as such. G. C. Heberling Company v. Clark, 262 Ky. 324, 90 S.W.2d 77; Payne v. Louisville Railway Company, 294 Ky. 160, 171 S.W.2d 253.

The appellee points out certain bits of evidence which he contends identified the defendants as the wrongdoers. That evidence is as to conversations with Henry Wimbles and Mrs. Collins, and that Mrs. Collins had paid his tenant (his sister) $150 for damage to her furniture. But there is no evidence indicating any connection of these parties or either of them with the two corporate defendants. The motion for a directed verdict should have been sustained.

A motion of the defendants for judgment notwithstanding the verdict was overruled.

The motion for an appeal is sustained; the judgment is reversed with directions to enter judgment for the defendants.