Lewis CASSADA et al., Appellants,

v.

Nannie L. WARREN ESTATE by A. P. Vaught, Administrator, Appellee.

Court of Appeals of Kentucky.

Dec. 11, 1959.

Rehearing Denied Jan. 29, 1960.

H. K. Spear, Joseph A. Montgomery, Somerset, for appellants.

Fritz Krueger, Russell Jones, Somerset, for appellee.

CULLEN, Commissioner.

The administrator of the estate of Nannie L. Warren, deceased, brought action against Lewis Cassada and Gertrude Cassada his wife to recover on two notes, in the respective amounts of $3000 and $1500, which the Cassadas had executed to Mrs. Warren during her lifetime. The Cassadas admitted that they had received from Mrs. Warren the amounts of money represented by the notes, but asserted as their defense that the money was a gift, and that the notes were executed merely as evidence of an agreement that the Cassadas would pay interest on the money during Mrs. War-

ren's lifetime. Mrs. Cassada further defended on the ground that she was merely a surety on the notes, and that any claim against her as surety was barred by limitations.

Most of the testimony which the Cassadas offered in support of their defenses was ruled to be incompetent under the "dead man's statute," KRS 421.210(2), and at the conclusion of all the evidence the court directed a verdict in favor of the plaintiff. The Cassadas have appealed from the judgment entered on the directed verdict.

■ It is first contended that the plaintiff failed to sustain the burden of showing consideration for the notes. Apparently this contention is based upon the theory that, notwithstanding the admission by the defendants that they had received the amounts of money represented by the notes, the plaintiff was required to prove that the money was not a gift.

In his complaint, the plaintiff alleged merely that the notes were given "for value received." There is a line of cases holding that where a plaintiff in an action to recover on a note unnecessarily alleges a *particular* consideration, he has the burden of proving the consideration. See James v. Hayden's Adm'r, 10 Ky.Law Rep. 534; Bronston's Adm'r v. Lakes, 135 Ky. 173, 121 S.W. 1021; Goodall v. Warden's Adm'r, 280 Ky. 632, 133 S.W.2d 944. But a mere allegation that the note was given "for value received" does not operate to put the burden of proof on the plaintiff. Richardson's Adm'r v. Morgan, 233 Ky. 540, 26 S.W.2d 32, 33. We think the burden of proving lack of consideration in the instant case was upon the defendants.

■ At the opening of the trial, the plaintiff called the defendants as if on cross examination and asked them only if the signatures on the notes were their signatures, to which they answered in the affirmative. It is contended that this opened the door to permit testimony by the defendants as to all of the details of their transaction with the deceased concerning the notes, and operated as a waiver of the incompetency of the defendants, under KRS 421.210(2), to testify fully with respect to the transaction.

In Giberson v. Wilson, Ky., 322 S.W.2d 466, a witness was asked who wrote and signed a certain letter which bore the purported signature of a deceased person. It was held that the elicited testimony did not involve any transaction with the deceased person, and the asking of the question did not operate to waive the incompetency of the witness to testify fully with respect to her transactions with the deceased involving the letter. The decision in the Giberson case fully answers the contention here made.

■ Mrs. Cassada sought to prove that she was merely a surety on the notes. However, her testimony was ruled to be incompetent because it involved a transaction with the deceased payee. On the face of the notes, Mrs. Cassada's signature appeared as that of a joint maker or principal. The burden, therefore was upon her to prove that she had signed only as a surety, and to overcome the presumption that she was a principal. Alford v. Rodgers, Ky., 262 S.W.2d 676. A bank employe offered as a witness by the Cassadas testified that the money advanced by Mrs. Warren was credited to a joint bank account of the Cassadas, and that withdrawals were made by both the husband and the wife. In view of this evidence showing that the wife received at least part of the consideration for the notes, she was precluded from claiming that she was merely a surety. Longnecker v. Bondurant, 173 Ky. 427, 191 S.W. 286; Alford v. Rodgers, Ky., 262 S.W.2d 676. So her claim of being a surety must fail not only because of the "dead man's statute" but because of the evidence that she received part of the consideration.

■ Mr. Cassada was permitted in his testimony to make the bare statement that he did not borrow any money from Mrs.

Warren. He contends that this testimony was sufficient to take the case to the jury. However, it is our opinion that in view of the uncontradicted facts that the Cassadas signed the notes, and received the money from Mrs. Warren, the bare statement that the money was not borrowed, in the absence of any further explanation (which the Cassadas were precluded by KRS 421.210(2) from making), was not sufficient to create a jury issue.

The judgment is affirmed.